### STATE OF IOWA v. MICHAEL CONROY, Appellant.

**Burglary:** EVIDENCE. A conviction of burglary will not be reversed
1 because of the admission of incompetent evidence, where objection thereto was waived by silence or otherwise.

**Evidence:** LETTERS. In proof of conspiracy, it is error to permit
2 the addressee to testify to the contents of a letter claimed to have been written by defendant, on proof simply of the address and signature, there being no other evidence connecting defendant with the letter.

**Evidence:** POSSESSION OF STOLEN PROPERTY. A defendant charged
3 with burglary should be permitted to explain his declarations concerning his possession of the stolen property, made shortly after he acquired possession and before his accusation.

*Appeal from Scott District Court.*— HON. JAMES W. BOLLINGER, Judge.

#### WEDNESDAY, FEBRUARY 8, 1905.

THE defendant was convicted of the crime of burglary, and appeals.—*Reversed.*

*Lane & Waterman,* for appellant.

*Chas. W. Mullan, Attorney-General,* and *Lawrence De Graff, Assistant Attorney-General,* for the State.

SHERWIN, C. J.— The burglary in question was committed by one Burrier, a professional. The defendant's guilt, if he be guilty, is and must be based on a general conspiracy to commit the crime charged, in which
1. EVIDENCE.    he had a part. On the trial Burrier was permitted, without objection, to testify to similar crimes committed by him before and after the alleged conspiracy was formed. Had there been objections to the testimony relating

to burglaries committed before the conspiracy, and to the testimony relative to other burglaries that were not claimed to have been a part of the general plan, there could be no question as to the inadmissibility of such testimony.   But a defendant in a criminal case may waive objections to incompetent testimony, and when he does so, by his silence or otherwise, we will not reverse because it has been admitted. There was some evidence tending to prove that the defendant was actively engaged in the general conspiracy alleged, and, in view of a retrial of the case, we shall not express our opinion as to the sufficiency of the evidence corroborating the State's principal witness, Burrier.   There were two rulings on the admission of testimony which were erroneous and prejudicial to the appellant, and on account of which we shall have to reverse the case:

The State relied greatly on the testimony of Burrier to connect the defendant with the general conspiracy charged, and it was therefore necessary to prove the relation exist-

2. EVIDENCE: ing between the two.   It was claimed that the
letters. defendant had written a letter to Burrier's mistress which tended to prove such relation and the conspiracy afterwards formed.   The letter, except the signature and address, had been destroyed.   There was nothing save the purported signature which tended in any way to prove that the letter was written or signed by the defendant, or with his knowledge, and yet the scrap of paper containing the signature and address was put in evidence, and the witness to whom it was claimed the letter was addressed was permitted to testify to its contents.   The admission of the evidence was clearly erroneous.   *State v. McGinn*, 109 Iowa, 641; *Snyder v. Fidler*, 125 Iowa, 378.

The defendant, after the time when it was claimed that the conspiracy was formed, had in his possession a revolver that was stolen by Burrier in Omaha.   Burrier testified that he gave it to the defendant, while the defendant testified that he bought it on the street in Clinton.   The defendant was not

permitted to prove his declarations explaining his possession.

**3. EVIDENCE: possession of stolen property.** They were made very soon after he acquired possession thereof, and long before he was accused of the crime in question. The declarations should have been admitted. The revolver was stolen by Burrier, and the defendant's possession thereof was proven for the evident purpose of showing the relation existing between them. Furthermore, the State's evidence tended to show that the defendant knew how Burrier obtained the revolver. *State v. Kelly,* 57 Iowa, 644; *Nodle v. Hawthorn,* 107 Iowa, 380.

What we have already said about the letter applies as well to the instruction relative thereto, in which the jury was told that it might consider the contents thereof in determining the guilt or innocence of the defendant.

We find no other serious error in the instructions or in the record, but, for those indicated, the judgment is reversed and the case remanded.— *Reversed.*