THE STATE OF IOWA, Appellee, v. MICHAEL CONROY,
Appellant.

**Appeal:** DISMISSAL. An appeal in a criminal case will not be
1  dismissed on motion unless the defendant has expressly con-
sented thereto, but it will be decided upon its merits.

**Appeal:** WAIVER OF OBJECTIONS: REVIEW. Where a defendant in a
2  criminal case, has withdrawn all objections to evidence made
during the trial and all exceptions to rulings of the court,
the appellate court will not review the questions involved
therein, unless he has been inadequately defended or his in-
terests so neglected or misconceived that he cannot be said
to have had a fair trial.

**Same.** A waiver of all objections to evidence and all exceptions
3  to rulings of the court upon the trial includes rulings upon
objections to instructions and all other matters upon which the
court was required to pass during the trial.

*Appeal from Scott District Court.*— HON. A. P. BARKER,
Judge.

WEDNESDAY, FEBRUARY 6, 1907.

THE defendant was convicted of burglary; and appeals.
— *Affirmed.*

*Salinger, Scott* and *Theophilus,* for appellant.

*H. W. Byers,* Attorney-General, and *C. W. Lyon,* As-
sistant Attorney-General, for the State.

WEAVER, C. J.— Upon a former appeal in this case a
judgment of conviction was reversed on account of error in
the admission of testimony. *State v. Conroy,* 126 Iowa, 472.
A retrial having resulted in conviction, the defendant again
appeals.

I. A motion to dismiss the appeal has been submitted with the case, and requires first consideration. It is shown by the record that, after the verdict was returned, the defendant, being present in court for that pur-

1. APPEAL: dismissal. pose, was interrogated in the usual manner whether he had anything to say why the judgment should not be pronounced, and his counsel responded thereto saying: " On behalf of the defendant, who is present in court, we desire to waive all objections to testimony taken during the trial, and all exceptions to rulings of the court, and now sumbit to the judgment of the court." Thereupon judgment was entered by which defendant was ordered confined in the State penitentiary for a term of three years — a period materially less than was adjudged against him on the former trial. On this showing the State contends that defendant's right of appeal has been waived, and that the case should be summarily disposed of upon motion. The right of appeal being statutory only, we do not care at this time to hold that it cannot be waived, but it is sufficient for present purposes to say that, in the absence of an express consent, the court will be slow to find a waiver of this very important right as a mere matter of inference. *Clark v. Gibson,* Morris, 328. We have also held that a defendant's appeal in a criminal case will not be affirmed on motion. *State v. Bahne,* 79 Iowa, 472. Such is the necessary effect of the statute which requires this court to examine the record without regard to technical errors and defects and render such judgments as the law demands. Code, section 5462. The intention of the statute seems to be that, as a general rule at least, an appeal in a criminal case shall be heard and decided upon its merits. We find no reason in the case now before us for regarding it an exception to that rule and the motion is therefore denied.

II. But the hearing of an appeal upon its merits does not require or imply that the court shall ignore all rules of law and practice, or that a defendant who wishes to get the

full benefit of an adverse ruling or holding by the trial court

2. APPEAL: waiver of objections: review.

is under no obligation to make the usual and proper record of the alleged error. Generally speaking, there is no difference in this respect between appeals in criminal and civil cases. Speaking to this point, we have said: " Certainly a criminal defendant may waive error on appeal. He does so in every instance where an exception is not taken below." *State v. Schwab,* 112 Iowa, 666. On the former appeal of the present case we said: " A defendant in a criminal case may waive objections to incompetent testimony, and when he does so by his silence or otherwise, we will not reverse because it has been admitted. Indeed, the rule has been so frequently affirmed that citations in its support are unnecessary." If, then, by failing to make proper and timely objections and exceptions a defendant will be held to waive an error occurring upon the trial, it would seem to follow and for even better reasons, that if, having once saved an exception, he thereafter, without coercion or fraud practiced upon him, withdraws it, and has his withdrawal made a matter of record in the case, he will not be allowed to raise the question anew on appeal. This rule, so manifestly just, is subject to a possible exception. It may sometimes appear, upon an inspection of the record which the law requires at the hands of this court, that the accused has been so inadequately defended or his rights and interests so neglected or so misconceived in the lower court that we feel compelled to say he has not had the fair trial which is guaranteed by our Constitution and laws to all persons charged with crime, and, under such circumstances, we are authorized to review clearly erroneous rulings even though exceptions have not been in all instances preserved. But no such condition is revealed in the record before us. On the contrary, the appellant was represented at all stages of the trial by experienced and eminent counsel of whose competency or whose loyalty to their client there cannot be the slightest

doubt, and we may take it for granted that, in waiving the exceptions which had been taken, they acted, as they believed, for the best interests of him whose cause they advocated.

The record contains no express statement of the reasons for this waiver, but it is not difficult to read between the lines the possibility that, having made the best defense practicable and failing to avoid an adverse verdict, the defendant and his counsel sought, by this surrender of the contest and acceptance of the result, to appeal to the clemency of the court for a favorable consideration in fixing the term of his imprisonment — a very pardonable device which appears not to have been without its intended influence with the court in entering judgment on the verdict. We find nothing in the record to indicate such a failure of justice on the trial below as to call for an application of the exception rather than the rule to which we have adverted. On the contrary, this case seems to have been fairly tried and the verdict to have been reached only after an intelligent and vigorous defense. It comes to us now without any objection or exception as to the evidence admitted or as to the verdict or judgment rendered thereon. We will not attempt to rehearse the facts which the evidence tends to establish, a brief outline of which is contained in our opinion on the former trial. It is enough to say that, in our judgment, it amply supports the finding of the jury, and that there is no such want of corroboration of the story of the accomplice as to require a setting aside of the verdict.

It is said by counsel that the waiver by appellant does not include exceptions to the instructions or other rulings except those relating to the admission of testimony on the trial. We do not so construe the record. It
**3. SAME.** expressly includes " all exceptions to rulings of the court." This waiver is broad enough to include rulings upon objections to instructions, competency of witnesses, and all other matters upon which the trial court had been

required to pass during the trial, and to which exceptions might have been taken.   Other points raised by counsel are governed by the conclusions above announced.

The record contains no prejudicial error; and the judgment of the district court is *affirmed*.