J. C. V. BASKIN, Respondent, v. M. B. CREWS, Appellant.

St. Louis Court of Appeals, March 24, 1896.

1 **Promissory Notes:** EFFECT OF INDORSEMENT. An indorsement on a promissory note, whereby the indorser guarantees payment of the note and waives demand, protest and notice, does not make the liability conditional upon the use of diligence in the collection of the note from the maker, but contemplates a fixed liability on his part.

2. **Practice, Appellate:** NONPREJUDICIAL ERROR. An informality in an instruction, which is not prejudicial, does not warrant the reversal of the judgment appealed from.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*John M. Barker* for appellant.

*W. W. Fry* for respondent.

BOND, J.—Plaintiff sued defendant on the following indorsement: "Sept. 15th, 1893, I guarantee the payment of the within note, waiving notice, protest and demand. M. B. Crews,"—alleged to have been made by her on a promissory note for $150 made by her husband on the fifteenth of September, 1893, and payable to the order of plaintiff. The defense was *non est factum*, and that plaintiff negligently failed to collect the note from the maker. There was a verdict and judgment for plaintiff, from which defendant appealed.

The theory which underlies all the assignments of error urged by appellant (except one) is that the language of the foregoing indorsement only obligated defendant to pay the note in question, in the event it was not collected out of the maker by the use of proper diligence on the part of the payee. That position would be correct, if the indorsement could be construed as a guaranty of *collection* and not of *payment*. The language used therein will not bear that interpretation. It plainly binds the guarantor for the payment of the *within note*, and to put the matter of intent beyond doubt, the words "waiving notice, protest and demand," are added, to show that a *fixed* liability was contemplated by the guarantor. *Osborne v. Lawson,* 26 Mo. App. 549; *Koenig v. Bramlett,* 20 Mo. App. 639.

Upon the failure of the maker to pay the note, bearing the above contract of guaranty, the payee or holder might have sued at once on the guaranty, and it would have been no defense to such action that the maker was solvent, and the amount of the note could have been collected by suit against him. This conclusion disposes of these assignments of error made by appellant.

The other error complained of relates to the giving of the following instruction:

"The jury are instructed that, if they believe from the evidence that, before the day of the sale of the property described in the mortgage read in evidence, on March 20, 1894, the defendant saw the note in question and her name written on the back of the same, and she did not deny the genuineness of it, but promised plaintiff to pay said note if plaintiff would let said property be sold at said sale, and plaintiff, relying upon said promise, permitted the same to be and the same was sold, then the verdict must be for the plaintiff."

This instruction is not formally correct, since it does not in terms place the right of recovery on the ground of ratification, but rather on the ground that the defendant's subsequent conduct amounted to a new promise upon sufficient consideration, and the new promise is not sued upon in plaintiff's petition. As, however, the facts stated in the instruction, if found by the jury to be true, would be a ratification as well as a new promise, and as the defendant would be liable in either event, the informality of the instruction could not prejudice her. The judgment is affirmed. All concur.