STATE OF IOWA v. EUGENE REILLY, Appellant.

**Liquors:** ILLEGAL TRANSPORTATION: *Statute construed.* Under a
statute prohibiting "any common carrier or person" from trans-
3 porting liquor, an individual engaged in the liquor traffic may be
convicted, though not a common carrier.

**Indictment:** SUFFICIENCY. An indictment for unlawfully transport-
2 ing intoxicating liquors within the state, in the language of the
statute which describes the offense, is sufficient.

**Information:** AMENDMENT. An information before a justice of the
1 peace may be amended, by substitution, in the district court on
appeal.

**Appeal:** MISCONDUCT OF JURORS. A conviction of unlawfully trans-
porting intoxicating liquors within the state will not be dis-
turbed on appeal on the ground of misconduct of certain jurors
4 in drinking the contents of one of the bottles of beer transported
by defendant, after the verdict was found, reduced to writing and
signed by the foreman.

*Appeal from Winnebago District Court.*—HON. J. F. CLYDE,
Judge.

WEDNESDAY, APRIL 5, 1899.

THE defendant was accused by information of the crime
of unlawfully transporting intoxicating liquors within the
state. There was a trial by jury, verdict and judgment of
guilty, and defendant appeals.—*Affirmed.*

*H. A. Brown* for appellant.

*Milton Remley, Attorney General,* and *W. H. Redmond*
for the state.

WATERMAN, J.—There was a trial before the justice of
the peace with whom the information was filed, and the
defendant was found guilty. He appealed to the district

court. In that tribunal he withdrew his plea, and demurred to the indictment. The first ground of the demurrer was that the information charged more than one offense, and upon this it was sustained. Thereupon the state amended the information by making a charge in the language of the first paragraph of section 2421 of the Code. A motion to strike this amendment, and a demurrer thereto, were overruled.

The first ground of complaint is that the amendment to the information was permitted. If the different offenses had been described separately in the original information, so that the state could have dismissed all save one, we think it will not be claimed that such action could not properly have been taken. *State v. Buck,* 59 Iowa, 382. It is the established rule in this state that an amendment to an information is permissible, and that it may be made in the district court. *State v. Merchant,* 38 Iowa, 375; *State v. Doe,* 50 Iowa, 541. We know of no good reason why this may not be done by a substituted instrument, as was here the case. In *State v. Butcher,* 79 Iowa, 110, the amendment was attempted after the verdict. The other decisions cited by appellant on this branch of the case are not in point.

II. It is thought the amended information charged no crime. As we have said, it is in the language of the statute, and that is sufficient where, as here, the statute describes the offense. *State v. Bauguess,* 106 Iowa, 107. If it can be said, as claimed, that by implication, under this section, it must be shown, in order to convict, that the liquor belonged to some third person, this would pertain to the proof, but not to the charge, which is sufficient if it follows the words of the law.

III. In different forms the question of the sufficiency of the evidence was raised. We have only to say that the case against defendant seems to have been fully made. It is urged by appellant that the statute is meant to punish

only a common carrier, or other like person, and that defendant is not shown to be within this description. The wording of the statute is, "It shall be unlawful for any common carrier or other person," etc. That an individual engaged in this illegal traffic, if not a common carrier, falls within the designation of "other person," seems too clear for discussion.

IV. Finally, the misconduct of the jury is made ground of complaint. It seems that two bottles of beer, which were used in evidence, were taken to the jury room when the jury retired to deliberate upon their verdict. The contents of one of these bottles was consumed by two members of the jury. But the court was warranted in finding from the testimony offered on this point that the liquor was drunk after the verdict was found, reduced to writing, and signed by the foreman. Where, during the progress of a trial, but before final submission of the case, a juror indulges in the use of intoxicating liquor, we have held that the verdict should not be disturbed unless prejudice is shown; that the fact alone that the liquor was taken is not enough to vitiate the verdict. *Hemmi v. Railway Co.,* 102 Iowa, 25, and other cases cited. On the other hand, the rule is established that prejudice will be presumed if the liquor is drunk after the jury has retired to consider the case. *State v. Baldy,* 17 Iowa, 39; *Berry v. Berry,* 31 Iowa, 415. The ground of this holding, as stated in the first of these cases, is that "the parties have a clear right to the cool, dispassionate, and unbiased judgment of each juror." The court was justified in finding in the case at bar that defendant had his right in this respect. If the liquor was taken after the jury had reached a conclusion and put the verdict in form, we know of no reason why defendant should complain. It appears, in such case, affirmatively, that he is in no way prejudiced. Some other matters are discussed, but we think they are covered by what we have said. —AFFIRMED.