## THE STATE OF INDIANA v. DECKER ET AL.

[No. 21,434. Filed October 5, 1909.]

1. INTOXICATING LIQUORS.— Crimes.—Forfeitures.—Statutes.—Section 8346 Burns 1908, Acts 1907, p. 27, providing that it shall be unlawful for any person, firm or corporation to ship, receive, transport, carry or handle intoxicating liquors falsely labeled, and the carriage, transportation, possession, removal, delivery or acceptance of such falsely labeled liquors, with knowledge thereof, shall work a forfeiture thereof, defines a crime, and also a basis for the forfeiture of the liquors involved. p. 615.

2. INDICTMENT AND INFORMATION.— Intoxicating Liquors.— False Labels.—An indictment charging that defendants, three persons, unlawfully and knowingly shipped, received, transported, carried

and handled intoxicating liquors, to wit, twelve pints of whisky, under a false and fictitious name, to wit, under the name of glass, charges the commission of a crime under §8346 Burns 1908, Acts 1907, p. 27, providing, among other things, that it shall be unlawful for any "person or persons" to ship, receive, transport, carry or handle falsely labeled intoxicating liquors; and it is not material that such "person or persons" were not common carriers. p. 617.

3. INTOXICATING LIQUORS.—*False Labels.*—*Handling Without Labels.*—The statute (§8346 Burns 1908, Acts 1907, p. 27) prohibiting the handling of intoxicating liquors falsely labeled, does not require that such liquors shall be labeled. p. 617.

4. INTOXICATING LIQUORS.— *False Labels.*— *Knowledge.*— *Indictment.*—In a prosecution for handling intoxicating liquors falsely labeled, it is not necessary, under the statute (§8346 Burns 1908, Acts 1907, p. 27), to charge defendants with knowledge of the falsity of such labels, but defendants' proof of want of knowledge thereof entitles them to an acquittal. p. 617.

5. INTOXICATING LIQUORS.—*False Labels.*—"*Glass.*"—Labeling intoxicating liquors as "glass" constitutes a false labeling under §8346 Burns 1908, Acts 1907, p. 27, prohibiting the handling of falsely labeled liquors. p. 618.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Prosecution by The State of Indiana against Urie Decker and others. From a judgment quashing the affidavit, the State appeals. *Reversed.*

*James Bingham,* Attorney-General, *Walter F. Wood,* Prosecuting Attorney, *Alexander G. Cavins, Edward M. White* and *William H. Thompson,* for the State.

*Orion B. Harris, Charles H. Bedwell* and *Edgar C. Thompson,* for appellees.

JORDAN, J.—Appellees in this case were prosecuted by affidavit for having violated the provisions of section ten of an act entitled "An act to amend section twelve," etc., approved February 13, 1907 (Acts 1907, p. 27, §8346 Burns 1908). This section reads as follows: "It shall be unlawful for any railroad or any common carrier or agent thereof or any drayman or other person or persons, corporation or firm, to ship, receive, transport, carry

or handle intoxicating liquor or liquors under false or ficti-
tious names or titles within the State, *and the carriage, trans-
portation, possession, removal, delivery or acceptance, with
knowledge thereof, of such liquors under false or fictitious
names or titles, shall work the forfeiture of such liquor or
liquors*.   Any one violating any of the provisions of this sec-
tion, upon conviction of the same shall be fined not less than
$50 nor more than $100.'' (Our italics.)

It will be noted that this section of the statute may be di-
vided into two parts.   The first defines what shall constitute
a criminal offense; the second part—that which we have em-
braced in italics—provides what shall operate as a forfeiture
of the liquor.

The charging part of the affidavit is as follows: "Frank
Botts, being duly sworn upon his oath, says that one Urie
Decker, James Peelman and Mort Lockwood, late of said
county, on November 30, 1908, in said County of Sullivan,
and State of Indiana, did then and there unlawfully and
knowingly ship, receive, transport, carry and handle intoxi-
cating liquors, to wit, twelve pints of whisky, under a false
and fictitious name, to wit, under the name of glass, con-
trary,'' etc.

The motion of appellees to quash the affidavit was sus-
tained by the court, and they were finally discharged, to
which ruling of the court the State duly excepted, and prose-
cutes this appeal, assigning that the court erred in sustaining
the motion to quash the affidavit.

In their effort to uphold the judgment of the lower court,
appellees' counsel urge that the affidavit in question is in-
sufficient for the following reasons: (1) Because it does
not allege that the accused parties, "or either of them, was
either a railroad, a common carrier, or agent thereof, or a
person engaged in transportation business, or any business
of like kind or character;" (2) that it fails to allege that
"the defendants knew that the intoxicating liquors were
under a false and fictitious name;" (3) that the pleading

does not "sufficiently allege that the intoxicating liquors were under a false and fictitious name."

In respect to the first objection, it will be observed that the statute not only makes it unlawful for any railroad, common carrier or agent thereof, or drayman, "to ship, receive, transport, carry or handle intoxicating liquor or liquors under false or fictitious names or titles," but also makes it unlawful for any person or persons so to do, without regard to their being engaged in the business of a common carrier. The language "person or persons," as employed in the statute, must be accorded a meaning irrespective of the particular business in which such person or persons were engaged at the time they are charged with the violation of the statute. That the words "other person or persons," as employed in the statute, apply to and include any and all individuals, although they may not be engaged in the business of a common carrier, in our opinion is evident. In this respect the statute affords no room for construction. The purpose of the legislature in enacting this law was to prohibit deception, by the use of false or fictitious names or titles, in the shipping, transporting or handling of intoxicating liquors. That the statute in question, under its terms, cannot be confined alone to a common carrier, is fully supported by the decision in *State* v. *Reilly* (1899), 108 Iowa 735, 78 N. W. 680, which involved the interpretation of a statute similar to the one in this appeal. Of course the law in controversy does not require that the intoxicating liquors which are shipped, transported, received or handled shall be marked or labeled under any name or title, but only prohibits the use of a false or fictitious name or title.

The second objection, that the affidavit is deficient because it does not impute knowledge to the accused that the liquors in question were under a false or fictitious name, is untenable. This is not essential in order to render the affidavit sufficient. It will be seen that the phrase

"with knowledge thereof" is embraced only in the second part of the section, which provides for a forfeiture of the liquors, and it applies only to the provisions in respect to such forfeiture. The first part of the section by which a criminal offense is defined is silent in regard to knowledge or notice on the part of the accused that the liquors are marked or labeled under a false or fictitious name or title. This part of the statute does not make *scienter* or knowledge in respect to the false or fictitious labeling of the intoxicating liquors an essential or material element of the offense, so as to require the State to allege such knowledge in its pleading and prove it upon the trial in order to convict the accused party of the crime charged. If there was an absence of knowledge, actual or constructive, on the part of the appellees in this case in regard to the false labeling of the liquors in controversy at the time they are charged with having committed the crime, they may, on the trial, prove such absence as a matter of defense to the prosecution, for, in the absence of such knowledge, they would not be guilty of having violated the statute within the meaning thereof. See *State* v. *Bridgewater* (1908), 171 Ind. 1, and the authorities cited.

The third objection, that the affidavit does not sufficiently charge that the liquor was under a fictitious name, is without merit. The affidavit discloses that the liquor in question was labeled "glass." Generally speaking, this was a false name or title within the meaning of the statute. The affidavit sufficiently charges appellees with the commission of a criminal offense, as defined by the first part of the section in question, and the court therefore erred in sustaining the motion to quash, for which error the judgment is reversed, with instructions to the lower court to overrule the motion to quash the affidavit.