STATE OF IOWA, Appellant, v. H. CASEBOLT, Appellee.

**INTOXICATING LIQUORS:** Illegal Transportation—Scope of Statute. The statutory prohibition (Sec. 2058, Code of 1924) against the illegal transportation of intoxicating liquors is not now limited to common carriers, as was the case under Sec. 2419, Code of 1897.

Headnote 1:  33 C. J. p. 581.

*Appeal from Webster District Court.*—B. R. BRYSON, Judge.

MARCH 9, 1926.

THE defendant was indicted and tried below upon a charge of unlawfully transporting intoxicating liquors through Webster County, and by direction of the court was acquitted. The State appeals.—*Reversed.*

*Ben J. Gibson,* Attorney-general, *S. S. Faville,* Assistant Attorney-general, and *James I. Dolliver,* County Attorney, for appellant.

*Verner Gabrielson,* for appellee.

STEVENS, J.—The verdict of "not guilty" was directed by the court upon the ground that the transportation of intoxicating liquors into and through a county of this state by a person by automobile is not a violation of Section 2058 of the Code of 1924. This section is as follows:

"Any person, firm, or corporation, and any agent or employee thereof, who engages in the transportation of intoxicating liquors shall for each act of transportation be fined in a sum not exceeding one thousand dollars or be imprisoned in the county jail not exceeding one year or be punished by both such fine and imprisonment and pay the cost of prosecution, including a reasonable attorney fee to be taxed by the court."

The enactment of this section by the extra session of the fortieth general assembly amended Section 2419 of the Code of 1897. The former section provided that:

"If any express or railway company, or any common carrier, or person, or anyone as the agent or employee thereof,

shall transport or convey * * * any intoxicating liquors * * * shall, upon conviction, be fined * * *."

The evident purpose and intention of the legislature in the enactment of Section 2058 of the Code of 1924 in its amended form was to get away from the construction placed by this court in *State v. Wignall,* 150 Iowa 650, upon Section 2419 of the Code of 1897. It was held by this court in the *Wignall* case that the word "person," as used in Section 2419, took its meaning from the preceding language of the statute, and that it must be presumed that it embraced only things of the nature designated thereby. The language of Section 2058 is clear, unequivocal, and broadly inclusive. It applies to any person, firm, corporation, and any agent or employee thereof, who engages in the transportation of intoxicating liquors through any county of this state. Each act is made an offense. The sole purpose of the appeal by the State is to obtain an interpretation of this statute, and a reversal will in no manner prejudice the defendant. We are of the opinion that the interpretation placed by the court below upon the statute that it applied only to common carriers is erroneous.—*Reversed.*

DE GRAFF, C. J., and FAVILLE and ALBERT, JJ., concur.