STATE OF IOWA, Appellant, v. ANNA EDWARDS, Appellee.

MARCH 6, 1928.

*John Fletcher,* Attorney-general, *F. W. Edwards,* and *Ralph William Travis,* for appellant.

*M. F. Fields,* for appellee.

588

EVANS, J.—I. The charging part of the information was as follows:

"For that the defendant, on the 15th day of February, 1927, in the county of Black Hawk, state of Iowa, did unlawfully and willfully receive, keep, and have possession of certain intoxicating liquor, the said intoxicating liquors having been illegally transported and conveyed, and the containers of same not being marked and labeled as by law required, contrary to the statutes in such case made and provided, and against the peace and dignity of the state of Iowa."

The case was tried to the court without a jury. The State introduced the testimony of police officers, to the effect that they had seized certain intoxicating liquor at the home of the defendant; that they found the liquor contained in two jars; that these jars were neither marked nor labeled in any manner. They were found in a bedroom. They were seized by the officers, and were produced in evidence. Upon this testimony, the State rested; and likewise the defendant. The case was then submitted to the court, with a motion by the defendant to dismiss, which was fully argued by counsel. The court took the case under advisement, and on the following day dismissed the case, and discharged the defendant.

The ground of the court's holding was that no evidence was offered of illegal transportation of the liquors, or of the receipt of the same by the defendant through illegal transportation, within the provisions of Section 1936. It is from this judgment that the State has appealed. The contention for the State is that the question of preceding illegal transportation of the liquors in question is immaterial, and has no bearing upon the offense charged against the defendant. It is argued that the mere possession of the liquors by the defendant in containers which were not marked or labeled, as required by Section 1936, was of itself a violation of that statute. We are not concerned at this point as to whether the defendant might have been properly prosecuted under other provisions of the law. We think the State is not justified in the interpretation it puts upon Section 1936. In order to consider Section 1936 in its context, we set forth herewith Sections 1934, 1935, and 1936 as follows:

"1934. If any person, for the purpose of procuring the

shipment, transportation, or conveyance of any intoxicating liquors within this state, shall make to any company, corporation, or common carrier, or to any agent thereof, or other person, any false statements as to the character or contents of any box, barrel, or other vessel or package containing such liquors; or shall refuse to give correct and truthful information as to the contents of any such box, barrel, or other vessel or package so sought to be transported or conveyed; or shall falsely mark, brand, or label such box, barrel, or other vessel or package in order to conceal the fact that the same contains intoxicating liquors, for the purposes aforesaid; or shall by any device or concealment procure or attempt to procure the conveyance or transportation of such liquors as herein prohibited, he shall be fined for each offense one hundred dollars and costs of prosecution, and the costs shall include a reasonable attorney fee to be taxed by the court, and be committed to the county jail until such fine and costs are paid.''

''1935. Any peace officer of the county under process or warrant to him directed shall have the right to open any box, barrel, or other vessel or package for examination, if he has reasonable ground for believing that it contains intoxicating liquors, either before or while the same is being so transported or conveyed.''

''1936. It shall be unlawful for any common carrier or other person to transport or convey by any means, within this state, any intoxicating liquors, unless the vessel or other package containing such liquors shall be plainly and correctly labeled or marked, showing the quantity and kind of liquors contained therein, the name of the party to whom they are to be delivered, and the name of the shipper. No person shall be authorized to receive or keep such liquors unless the same be marked, or labeled as herein required. The violation of any provision of this section by any common carrier, or any agent or employee of such carrier, or by any other person, shall be punished the same as provided in the second preceding section.''

Sections 1937, 1938, 1939, 1940, 1941, 1942, and 1943 each deals with the transportation of intoxicating liquors. Section 1942 is as follows:

''No shipment billed in whole or in part as intoxicating liquor shall be delivered to the consignee until such consignee

upon such record book enters in ink, in legible writing, his full name and residence or place of business, giving the name of the town or city, and the street name and number where there is such, and certifies that such liquor is for his own lawful purposes.''

It will be noted that Section 1934 deals with the *consignor* of intoxicating liquors in transportation, and makes him liable to punishment for failure to properly mark and label, etc. The first sentence in Section 1936 provides punishment for the *carrier* who shall transport such liquors which are not properly marked or labeled. The second sentence of 1936 provides punishment for the *consignee.*

''No person shall be authorized to receive or keep such liquors unless the same be marked or labeled as herein required.''

Violation of the foregoing proviso is what is charged against the defendant in this case. This proviso was first incorporated into the statute by the twenty-second general assembly, and is to be found in Section 2421 of the Code of 1897. At the time of such enactment, intoxicating liquors could be legally transported under certain designated conditions. But much unlawful transportation was carried on under cover of false labels and various deceptions in the transportation. This was the evil against which the legislation of the twenty-second general assembly was directed. Amendments to such legislation have been added, but there has been no change in the proviso above quoted. We see no escape from holding that the illegal transportation of liquors as not being properly marked or labeled, and that the defendant became party thereto by illegally receiving the same into her possession, form the gist of the offense charged herein.

II. The State presents further complaint in that the court abused its discretion in refusing the State permission to reopen the case, after the final submission, in order to permit the State to introduce evidence of illegal transportation.

It appears that, at 10 A. M. of the day following the submission of the case, and when the court was about to render its decision, the State presented a motion asking leave to reopen the case, and setting forth certain evidence which it proposed to introduce as proof of the illegal transportation. The court denied the request. The question presented is whether such denial was an

abuse of discretion by the trial court. The offered evidence was that of a captain of police, who had to do with the arrest and detention pursuant to the prosecution. He offered to testify that, in conversation with the defendant, she had told him that she got the liquors from a certain person (not named), and that she had obtained liquor from him several times. The only showing of diligence and excuse for failure to offer the testimony at the trial was that the county attorney did not know that such evidence was available. But the captain of police, who was on duty in connection with the arrest, did know it.

To reopen the case at this juncture would be to open the case to a retrial, rather than to a momentary correction of a mistake or oversight. It cannot be assumed that such testimony would go undenied. It might become necessary to seek additional witnesses on the issue. Surely, if the case had been submitted to the jury, as it was to the court, it would hardly be contended that the court would have to recall the jury and retry the case. True, less difficulty would attend such a reopening after submission to the court, but it rested, nevertheless, in the sound discretion of the court itself whether to permit such a reopening.

There is the further consideration that the evidence offered by the State was itself incomplete, in that it tended to show only that the liquors had been transported by someone. There was no offer to show that the containers in which such liquor were received did not conform to the requirements of the first sentence of Section 1936. For aught that appears in such evidence, such containers may have been properly marked and labeled. We should not be justified in saying, therefore, that there was any abuse of discretion on the part of the trial court.

The judgment of the court below is—*Affirmed*.

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.