STATE OF IOWA, Appellant, v. JOE DRAIN, Appellee.

MARCH 6, 1928.

*John Fletcher*, Attorney-general, *F. W. Edwards*, County Attorney, and *Ralph William Travis*, Assistant County Attorney, for appellant.

*C. J. Rudolph*, for appellee.

KINDIG, J.—On the 29th day of September, 1927, in the municipal court below, there was filed against Joe Drain, appellee, as defendant, the following information:

"The defendant [Joe Drain] is accused of the crime of illegal possession of intoxicating liquors illegally transported and not properly marked. For that the defendant on the 28th day of September, 1927, at the city of Waterloo, in the county of Black Hawk, state of Iowa, did unlawfully and willfully re-

ceive, keep, and have possession of certain intoxicating liquor, the said intoxicating liquors having been illegally transported and conveyed, and the containers of same not being marked and labeled as by law required. Contrary to the statutes in such case made and provided * * * .''

To this a plea of ''not guilty'' was entered, and on October 3d the cause came on for trial, at which time the following evidence was introduced:

One Dosson had driven his automobile upon the streets, in such manner as to splash mud on the defendant, and the latter followed the driver and his machine to the Dosson home, a distance of two blocks. When the defendant arrived there, he attacked Dosson, struck, and knocked him down. While so doing, there fell from the defendant's inside coat pocket a half pint of whisky.

Thereupon, a motion was made, asking the court to direct a verdict in defendant's favor, for the reasons:

''1. That the evidence fails to establish the guilt of the defendant. * * *

''6. That the statute under which said information is drawn, and to which the same refers, has reference to transporting liquor for hire by transporting companies, and does not have reference to the possession of liquor for legal or legitimate purposes. * * *

''8. That, on the whole record, the State has not proved sufficient upon which to base a conviction of this defendant.''

That contention was sustained, and about this the State complains.

Basis for reversal is founded upon these two propositions: First, the trial court wrongfully cast upon the State the burden of showing transportation of liquor, and this attitude of the  court was incorrect, the State asserts, because the gist of the offense is not transportation, but the possession or keeping of liquor without proper marks or labels, as required by said section of the Code; and second, it erred in holding that there was no evidence of liquor transportation.

Those disputes will be considered in the order made.

I. A companion case, *State v. Edwards*, 205 Iowa 587,

disposes of the State's first claim of error. In the *Edwards* case we said:

"The ground of the court's holding was that no evidence was offered of illegal transportation of the liquors, or of the receipt of the same by the defendant through illegal transportation, within the provisions of Section 1936. It is from this judgment that the State has appealed. The contention for the State is that the question of preceding illegal transportation of the liquors in question is immaterial, and has no bearing upon the offense charged against the defendant. It is argued that the mere possession of the liquors by the defendant in containers which were not marked or labeled, as required by Section 1936, was of itself a violation of that statute. * * * We think the State is not justified in the interpretation it puts upon Section 1936. * * * We see no escape from holding that the illegal transportation of liquors as not being properly marked or labeled and that the defendant became party thereto by illegally receiving the same into her possession, form the gist of the offense charged herein [the information]."

Such being true, it is quite impossible, in the case at bar, to separate the "possession or keeping of liquor not properly marked or labeled" from the "transportation." Restating the thought in another way, the "offense" includes: First, the transportation; and second, the lack of proper marks or labels.

No other conclusion is possible when consideration is given to the entire legislative enactment, as embodied in Sections 1934 to 1943, both inclusive.

II. Our attention will now be directed to the second assignment made by the State, relating to the "transportation."

The pleader narrowed the scope of his "information" to said Section 1936, which refers to transportation of intoxicating liquors in vessels or other packages containing such "* * *  plainly and correctly labeled or marked." Manifestly, there is a distinction between Section 1936 and Section 2058 of the same Code. Different objects were aimed at through these separate and distinct legislative acts. Analysis will elucidate at this point. Section 2058 is:

"Any person, firm, or corporation, and any agent or employee thereof, who engages in the transportation of intoxi-

cating liquors shall for each act of transportation be fined in a sum not exceeding one thousand dollars or be imprisoned in the county jail not exceeding one year or be punished by both such fine and imprisonment and pay the cost of prosecution, including a reasonable attorney fee to be taxed by the court.''

Necessary to a complete understanding of this is the consideration of the next succeeding section, 2059, containing this language:

''In any prosecution under this title for the unlawful transportation of intoxicating liquors it shall be a defense:

''1. That the character and contents of the shipment or thing transported were not known to the accused or to his agent or employee, or

''2. That the purchase and transportation of said liquors was authorized by a law of this state.''

Interpretation of those provisions was made by us in *State v. Casebolt,* 201 Iowa 574. Less extensive in its sphere is Section 1936, for it is limited to the purposes expressed by its context and associate sections.

''Transportation'' is defined by Webster's New International Dictionary as ''act of transporting, or state of being transported; carriage; removal; conveyance.'' But that generalization will not suffice here, for the reason that we are confined to the particular act of ''transportation'' within the purview of Section 1936, which is, to a marked extent, more limited than Section 2058.

Returning again to the *Edwards* case, supra, we find these declarations:

''It will be noted that Section 1934 deals with the *consignor* of intoxicating liquors in transportation and makes him liable to punishment for failure to properly mark and label, etc. The first sentence in Section 1936 provides punishment for the *carrier* who shall transport such liquors which are not properly marked or labeled. The second sentence of 1936 provides punishment for the *consignee.* * * * This proviso was first incorporated into the statute by the twenty-second general assembly, and is to be found in Section 2421 of the Code of 1897. At the time of such enactment, intoxicating liquors could be legally transported under certain designated conditions. But much unlawful transportation was carried on under cover of false labels

and various deceptions in the transportation. This was the evil against which the legislation of the twenty-second general assembly was directed."

Important to notice is the fact that this specific law contemplates a consignor, a carrier, and a consignee. However, the State argues that this case is decided by *State v. Reilly*, 108 Iowa 735, wherein it was said:

"In different forms the question of the sufficiency of the evidence was raised. We have only to say that the case against defendant seems to have been fully made. It is urged by appellant that the statute [Section 2421 of the 1897 Code] is meant to punish only a common carrier, or other like person, and that defendant is not shown to be within this description. The wording of the statute is, 'It shall be unlawful for any common carrier or other person,' etc. That an individual engaged in this illegal traffic, if not a common carrier, falls within the designation of 'other person,' seems too clear for discussion."

Nevertheless, it is our opinion that the State misinterprets the meaning of the *Reilly* case. Further quotation therefrom will lay the basis for what we are about to say:

"If it can be said, as claimed, that by implication, under this section [2421 of 1897 Code], it must be shown, in order to convict, that the liquor · belonged to some third person, this would pertain to the proof, but not to the charge, which is sufficient if it follows the words of the law."

Inference intended there to be conveyed is that a criterion may be, "the liquor belonged to some third person." Change of that major premise was not made by the first quotation from the *Reilly* case. For instance, it is said:

"We have only to say that the case against defendant seems to have been fully made."

That is broad enough to include the thought "that the liquor belonged to some third person." True, the defendant in such case need not be "a common carrier." *State v. Reilly*, supra, settles that. Yet the "transportation" must be such as is prohibited by Section 1936 and associate provisions. Material parts of the sections are:

"1934. If any person, for the purpose of procuring the shipment, transportation, or conveyance of any intoxicating liquors within this state, shall make to any company, corpora-

tion, or common carrier, or to any agent thereof, or other person, any false statements," etc.

Underlying this protection against the wrong of the consignor, and to make doubly certain that there would be no evasion, Section 1935 was inserted, which authorizes:

"Any peace officer of the county under process or warrant to him directed shall have the right to open any box, barrel, or other vessel or package for examination, if he has reasonable ground for believing that it contains intoxicating liquors, either before or while the same is being so transported or conveyed."

So "transported or conveyed" refers back to Section 1934. Immediately following Section 1934 and 1935 is 1936, which is the one involved, and states that:

"It shall be unlawful for any common carrier or other person to transport or convey by any means, within this state, any intoxicating liquors, unless the vessel or other package containing such liquors shall be plainly and correctly labeled or marked, showing the quantity and kind of liquors contained therein, the name of the party to whom they are to be delivered, and the name of the shipper."

Said Sections 1934 and 1935 would have been useless without 1936, and it, in turn, was incomplete without 1934 and 1935, because the former related to the "consignor," and the latter to the "carrier;" but even that did not complete the purpose of the legislature, and in order to make the act apply to the entire situation, Section 1936 contained the further provision:

"No person shall be authorized to receive or keep such liquors unless the same be marked or labeled as herein required. The violation of any provision of this section by any common carrier, or any agent or employee of such carrier, or by any other person, shall be punished the same as provided in the second preceding section."

By adding the latter sentence there was included jurisdiction over the consignee. Regardless, then, of whether or not the law should not be limited to a "common carrier," in the general sense of the word, the restrictions and purposes thereof narrow its application to a transaction where there is a consignor, a carrier, and a consignee. The prosecution was not without a statute sufficiently broad to cover the situation, but it did not choose to use it. Having, therefore, adopted the narrow and

circumscribed remedy under Section 1936, the State must abide by the limitations thereof.

We see no escape from the proposition that the evidence offered did not sustain the information, and accordingly the judgment of the municipal court is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.