**THE PEOPLE**

v.

**ALEXANDER CHARLES**

District Court of the Virgin Islands

Frederiksted Sub-Judicial District
St. Croix

October 1, 1929

**WILLIAMS,** *Judge*

The defendant was charged with manslaughter, but the means and manner of the death were not set forth in the information. Trial was had on an information, resulting in disagreement of the jury. Before the case was called for trial the second time the Government Attorney asked leave to amend the information, by adding words which would show the means and manner by which the death took place. The defendant objected to this amendment on the ground that the information was not amendable, that if there was any change to be made it would have to be in the way of a new information.

In this jurisdiction all criminal actions in the District Court are by information, and, therefore, not by indictment. (Code [1921] Title V, chapter 5 [5 V.I.C. § 3501 note; see, also, 5 V.I.C. § 3581, and note thereunder]). There is quite a distinction between amending informations and amending indictments. There are a number of authorities holding that informations may be amended, even without statutory authority, as they are not founded upon the oath of the grand jury, but are filed by the prosecutor, and

many of them hold that the amendment may be in matters of substance as well as form — of course, always with leave of the Court. Tatum v. State, 66 Ala. 465; State v. Stebbins, 29 Conn. 463, 69 Am. Dec. 223; Daxanbeklar v. People, 93 Ill. App. 553; Miles v. State, 5 Ind. 215; State v. Reilly, 108 Iowa 735, 78 N. W. 680; Com. v. Rodes, 1 Dana (Ky.) 595; State v. Kendall, 38 Neb. 817; State v. Weare, 38 N. H. 314; State v. Washington, 15 Rich. 39; State v. Barrell, 75 Vt. 202, 98 Am. St. Rep. 813; Com. v. Lodge, 6 Gratt. (Va.) 699; U.S. v. Evans, 25 Fed. Cas. No. 15,063; U.S. v. Shuck, 27 Fed. Cas. No. 16,285; Virginia v. Smith, 28 Fed. Cas. No. 16,965. In addition to many other American authorities are the following leading English cases: Rex v. Wilkes, 4 Burr. 2527; Rex v. Harris, 1 Salk. 47; Rex v. Charlesworth, 2 Str. 871; Rex v. Nixon, 1 Str. 185; Rex v. Holland, 4 T.R. 457; and see 1 Chitty Cr. L. 298.

And the same rule seems to apply whether the crime charged is a felony or a misdemeanor; Secor v. State, 118 Wis. 621, 95 N.W. 942.

■ Of course, when a statute covers the question such statute must be followed. So far as I know, and so far as I have been advised by counsel, there is nothing in our Code (1921) dealing with amendments of informations. Therefore, we are — in virtue of section 6, chapter 13, Title IV, of the Code (1921; 1 V.I.C. § 4) — relegated to "the common law of England as adopted and understood in the United States."

We may take the statement of Lord Mansfield in Rex v. Wilkes, supra, as stating the rule of the common law in this respect, as follows: "There is a great difference between amending indictments and amending informations. Indictments are found upon the oaths of a jury, and ought only to be amended by themselves; but informations are as declarations in the King's suit. An officer of the crown has the right of framing them originally, and may, with leave,

238

amend, in like manner as any plaintiff may do. If the amendment can give occasion to a new defence, the defendant has leave to change his plea."

In State v. Chance (Kan.), 108 Pac. 790, where a like question was being considered under a statute, the court, in concluding, said: "The fair inference is that after a plea has been entered, but before the trial has begun, substantial amendments may be made, but only upon order of the court. That is the rule at common law (22 Cyc. 436, 437), and the statute is not less liberal. Convictions have repeatedly been sustained based upon amended informations filed after one trial had been had. State v. Hart 33 Kan. 218, 6 Pac. 288; State v. Spendlove, 47 Kan. 160, 28 Pac. 994. Here the defendant was again arraigned and pleaded not guilty to the amended information, and no possible prejudice could have resulted to him from the fact that the amendment was made after instead of before his first plea had been entered."

We need go no further to ascertain the common law on this point, and the amendment was allowed in consequence of that authority and the above authorities. ·

█ █ Of course, the opposite side should be given notice and opportunity to be heard in such matters. State v. Bragg, 66 Mo. App. 22. Furthermore, the amendment must be actually made. Sovine v. State, 85 Ind. 576. Although there is authority for the proposition that where the court has ordered certain irrelevant matter in an information disregarded, it is not absolutely necessary that it should be obliterated from the information, or that the information should be redrafted, where the precise effect of the order is shown by the record. State v. Patterson, 66 Kan. 447, 71 Pac. 860. And it also has been held, that where the defendant alleges that his name is other than that used in the information against him, and declares his real name, and the court orders it to be substituted in all further proceedings, it is not essential that the information should be amended

239

in that respect. State v. Pipes, 65 Kan. 543, 70 Pac. 363. However, the better practice would seem to be to make the amendment where there is any substantial change in the language of the information — either by interlineation or filing a new paper, the latter being preferable.