STATE OF IOWA, Appellee, v. CHESTER NEAR, Appellant.

No. 41275.

JUNE 24, 1932.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, and H. M. Ofelt, County Attorney, for appellee.

Wilson & Jackson, for appellant.

DE GRAFF, J.—The defendant (appellant) Chester Near was indicted on June 27, 1931, for the crime of illegal transportation of intoxicating liquor, "this being the second offense for said defendant, he having been previously sentenced on September 20, 1927." The defendant entered a plea of not guilty, and upon trial to a jury a verdict was returned finding the defendant guilty as charged in the indictment, and judgment was entered on the verdict, sentencing the defendant to six months' imprisonment and a fine of $500 and costs.

The appellant Near assigns the following propositions for a reversal: (1) That the trial court erred in overruling the defendant's motion for a directed verdict upon the conclusion of the State's case, for the reason that the testimony failed to show or prove the allegations of the indictment; (2) that at the conclusion of the entire case the defendant asked for instruction that the jury determine by special finding whether or not the defendant used a vehicle in the transportation of intoxicating liquor, which was refused, although the court gave an instruction that covered this ground; (3) that the court erred in not giving two requested instructions, to wit, (a) that it was incumbent upon the State to prove that some means of conveyance of the liquor in question was employed by the defendant other than merely walking with said liquor from one block to another, before it can be said that said liquor was transported, and (b) that transportation of liquor means the use of a vehicle or means other than the carrying upon the person from one place to another; that upon the whole record the crime charged was not committed. These assignments of error will be presently noted seriatim.

The indictment in question is based on Section 1945-a1, Code, 1931, which reads as follows:

"Any person, firm, or corporation, and any agent or employee thereof, who engages in the transportation of intoxicating liquors shall for each act of transportation be fined in a sum not exceeding one thousand dollars or be imprisoned in the county

jail not exceeding one year or be punished by both such fine and imprisonment and pay the cost of prosecution, including a reasonable attorney fee to be taxed by the court.''

At this point it may be stated that no challenge to the indictment was made by the defendant by demurrer or otherwise, and it may also be stated that no exceptions were taken to the instructions given to the jury by the trial court. In the second instruction given by the court, after stating that the burden of proving the material allegations of said indictment must be established beyond a reasonable doubt, and the innocence of the defendant will be presumed until his guilt is so proven, the jury was instructed that:

''If you find that the defendant on or about the 27th day of June, 1931, in Des Moines County and state of Iowa, willfully and without justification or excuse by reason of legal authority to carry liquor, or ignorance of the character of the same, engaged in the act of transporting or conveying from one location to another intoxicating liquor of the kind and character capable of use as a beverage, such act would constitute the crime of illegal transportation of liquor, charged in the indictment in this cause, and it will be your duty to find the defendant guilty of said crime.''

The jury was then instructed that if it failed to find such fact beyond a reasonable doubt, ''you should then acquit the defendant of the charge and return a verdict of not guilty.'' As heretofore stated, no exception was taken to the giving of this instruction or any other in this cause.

We now turn to the errors relied upon for reversal.

1. The court did not err in overruling the defendant's motion for a directed verdict at the close of the State's evidence in chief or upon the conclusion of all the testimony. The record facts disclose: Captain Machholz of the Burlington police force at about 2 o'clock on the afternoon of June 27, 1931, was at Coon's Restaurant in Burlington. As he came out of the restaurant he started south on Central Avenue and went almost to the Hudson-Essex Garage. At that point he observed the defendant Near approaching from the south, driving a Packard coupé. The defendant drove into a parking space next door to the restaurant aforesaid. The officer testified that the defendant

got out of his car and came up to the sidewalk, carrying two packages wrapped in yellow paper. The defendant passed the officer and went around the corner. The officer was observing the movements of the defendant, and having a suspicion, based on Near's past record, went through the garage and reached the back door thereof just as the defendant Near passed it. The officer saw the defendant place these two packages under the runway on which cars are placed for greasing and changing oil. Upon the reappearance of the defendant, the officer placed him under arrest, seized the packages so deposited, and the defendant's car, and took them with the defendant to the police station. The packages were examined, one of which contained a one-gallon tin of alcohol and the other a gallon jug of moonshine whisky. Subsequently, there was an analysis by a chemist, who testified that the tin can contained 95 per cent of alcohol and was suitable for beverage purposes, and the jug contained 50 per cent of alcohol by volume and was suitable for beverage purposes.

The defendant denied that he took the packages of liquor from his car, but testified that he took same from "a little green roadster parked next to his car by agreement with the owner thereof named 'Mugs'." The evidence is thus seen to be in direct conflict, and it was for the fact-finding body to determine who was telling the truth. The jury found the defendant guilty, and the jury also found from the record evidence that the defendant had been previously convicted of the transportation of liquor, as alleged in the indictment.

2. It is next urged by the defendant that the trial court erred in refusing to instruct the jury to return a special finding whether or not the defendant used a vehicle in the transportation of the said liquor. The court did in Instruction 7 submit to the jury an interrogatory in response to the request of the defendant. It was as follows: "Was the transportation of liquor alleged in the indictment accomplished by means of a vehicle, or by manual handling and carrying only?" In the verdict the jury, after finding the defendant guilty of the crime charged in the indictment and that the same is a second offense, answered said interrogatory in these words: "We, the jury, find the defendant guilty of transporting liquor by manual handling and carrying only."

The defendant entered a plea of not guilty to the indictment. This was the primary issue. No affirmative defense was pleaded

or proved. Section 13916, Code, 1931. The interrogatory submitted with the instructions was not mandatory but simply permissive. The court was not obligated to submit the interrogatory that he did submit.

3. Was it obligatory upon the court, as urged by the appellant, to give the requested instruction, to wit, that it was incumbent upon the State to prove that some means of conveyance of the liquor in question was used by the defendant, and that the term "transportation" should have been legally defined, as requested by the defendant? In State v. Canalle, 206 Iowa 1169, l.c. 1177, it is said:

"It is not necessary, to constitute unlawful transportation of intoxicating liquor, that the transportation should be completed or consummated. Proof of the possession of liquor and of present transportation is sufficient. The word 'transportation' in the liquor law does not have a technical meaning, but is employed in its ordinary sense: that is, to convey from one place to another,—any real carrying about. (Citing cases.)"

The argument of the appellant primarily rests on the absence of a legal definition of transportation of liquor, as used in Section 1945-a1, upon which the instant indictment is predicated. He relies on the provisions of Section 1936, which contains, *inter alia,* the following language:

"It shall be unlawful for any common carrier or for any person to transport or convey by any means, whether for compensation or not, within this state, any intoxicating liquors, unless the vessel or other package containing such liquors shall be plainly and correctly labeled or marked, showing the quantity and kind of liquors contained therein, the name of the party to whom they are to be delivered, and the name of the shipper. No person shall be authorized to receive or keep such liquors unless the same be marked or labeled as herein required. * * *"

See State v. Drain, 205 Iowa 581.

We hold that the appellant is in error in contending that the facts in the case at bar place it under the provisions of Section 1936, supra, which purports to regulate legal transportation by requiring the observance of certain details of method to prevent the abuse of lawful transportation. See State v. Purdin, 206 Iowa 1058.

4. The last contention of the appellant finds no basis for support. A jury question was presented under a direct conflict of the evidence heretofore set out. The jury returned a verdict of guilty, and with the judgment entered thereon, we find no legal reason to disturb same.—Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, and KINDIG, JJ., concur.