27 P.(2d) 983

**STATE v. LOWE.**

No. 3895.

Supreme Court of New Mexico.

Dec. 4, 1933.

C. J. Pendergraft, of Portales, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

HUDSPETH, Justice.

Appellant was convicted of transporting intoxicating liquor, and the jury found it to be his second offense. Judgment was entered on the verdict and the appellant sentenced, under 1929 Comp. St. § 72-104, to the penitentiary for a term of two years.

The main point relied upon for reversal by appellant, who stood upon his demurrer to the state's evidence and offered no testimony at the trial, is that the evidence is insufficient to sustain the conviction, in that it fails to show that the liquor was carried off the premises.

For the proposition that the mere transferring of liquor from one place to another on the same premises is not "transportation," appellant cites Mates v. State, 200 Ind. 551, 165 N. E. 316, 65 A. L. R. 980, and other cases reviewed in an A. L. R. annotation following the Mates Case. An examination of these cases fails to disclose one showing a similar state of facts to the case at bar. In most of them the "transportation" consisted of moving liquor in or about the residence or place of business of the party on trial. In the case at bar the state proved to the satisfaction of the jury that the defendant and another transported the liquor in evidence from an old vacant house situate in a pasture for three-quarters of a mile or more toward a highway leading to the largest town in the county, and that, upon the approach of the sheriff, the defendant threw the liquor out of the car. No evidence was offered as to the ownership or right to possession of the pasture, but in a recent case involving similar facts, it was held that the accused was guilty of illegal transportation of intoxicating liquor, notwithstanding the fact that he had not transported liquor off his own premises. Scott v. State, 118 Tex. Cr. App. 322, 40 S.W.(2d) 104. The theory that the transportation must be from one "premises" to another seems unsound. One might travel for a score or more miles in a straight line through land in one ownership on many of the ranches in this state. It is not believed that the Legislature intended that the penalties of the law could be avoided by the transporter of liquor remaining on land held in one ownership or in one inclosure, regardless of other facts and circumstances.

"The word 'transportation' in the liquor law does not have a technical meaning, but is employed in its ordinary sense; that is, to convey from one place to another, any real carrying about." State v. Near, 214 Iowa, 1083, 243 N. W. 519, 520.

See, also, State v. Nichols, 330 Mo. 114, 49 S.W.(2d) 14; Howle v. State (Tex. Cr. App.) 55 S.W.(2d) 838.

Nor is it necessary that the transportation be consummated or completed. State v. Reese, 36 N. M. 28, 7 P.(2d) 295; State v. Near, supra.

We hold that the carrying of liquor three-quarters of a mile, although within the pasture, constituted, under the facts and circumstances of this case, a "transportation" within the meaning of the statute. The evidence of the state discloses an active participation in the transportation of the liquor by

the defendant, and the trial court did not err in submitting the case to the jury.

We have fully considered the other points argued by appellant, but find no merit in any of them.

The judgment of the lower court should be affirmed, and it is so ordered.

WATSON, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.