STATE OF IOWA, Appellee, v. ROLLAND BLACKBURN, Appellant.

No. 46765.

MAY 7, 1946.

REHEARING DENIED SEPTEMBER 23, 1946.

Ray Harrison and Walter F. Maley, both of Des Moines, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, and M. L. Mason, County Attorney, for appellee.

SMITH, J.— ■ I. Defendant first challenges the sufficiency of the evidence to show the liquor he was transporting was "alcoholic liquor" as defined in section 1921.005, subsection 5, Iowa Code, 1939. This definition is found in, and *expressly prescribed for the interpretation of,* chapter 93.1 of said Code, known as the "Iowa Liquor Control Act." It em-

bodies the requirement that the liquor in question shall be "susceptible of being consumed * * * for beverage purposes." No direct evidence was offered here that the liquor was susceptible of such use.

But defendant was not charged with a violation of any provision of chapter 93.1. The section under which he was accused and tried (1945.1) is a part of chapter 94, entitled "General Prohibitions." It makes the transportation of "intoxicating liquor" into the State of Iowa a felony and prescribes the penalty for its violation. Chapter 93.1, subsequently enacted, contains no such prohibition.

Chapter 94 contains its own definition of "intoxicating liquor." Code section 1923. That definition expressly includes whisky in its enumeration but does not expressly require that the liquor shall be susceptible of use as a beverage. Whether that requirement is implied we need not determine.

We think defendant was properly informed against and tried under the relevant provisions of chapter 94 and that section 1921.005, subsection 5, does not apply. There was competent evidence upon which the jury could find he transported whisky into the state. Three law-enforcement officers who examined the liquor and who professed to know the smell and taste of whisky so testified. Their testimony was competent. State v. Miller, 53 Iowa 84, 4 N. W. 838; State v. Johnson, 200 Iowa 324, 327, 328, 204 N. W. 273; State v. Healy, 217 Iowa 1155, 1158, 251 N. W. 649.

The bottles bore whisky labels of "known" whisky brands, and also Minnesota liquor stamps and "what appears to be a United States government seal over the cork of each bottle." One witness referred to the latter as "the red revenue stamp." The cartons or cases (sixteen of them, each containing twelve bottles) were marked "whiskey." When the officers stopped defendant (in Cerro Gordo county) and discovered the cargo in his car he asked them who "tipped them off." He said he got the liquor in Minneapolis and was bound for Des Moines. No evidence was offered by the defense.

Assuming, then, as we must under this undisputed record, that defendant transported whisky into the state, we must hold

it was not incumbent on the State to offer direct evidence that the liquor was susceptible of being used for beverage purposes. The courts universally take judicial notice that whisky is intoxicating. See 33 C. J. 496, and cases cited under note 78; 20 Am. Jur. 115, section 101. A court that would not also take judicial notice of the fact of its usability as a beverage would be cautious indeed, if not positively naïve. Nor was it necessary to negative the possibility that the liquor had been so compounded with other ingredients as to destroy its usability as a beverage. If defendant was in a position to claim such a defense it was incumbent on him to assert it affirmatively.

The contention of defendant under this assignment cannot be sustained.

II. Defendant urges that Code section 1945.1, under which he was prosecuted, was superseded and repealed by the Iowa Liquor Control Act (chapter 93.1) and especially by Code section 1921.002 contained therein. The contention is without merit.

The Control Act was passed in 1934 (Acts of the Forty-fifth Extra General Assembly, chapter 24). It does not specifically repeal any prior statute. Section 1921.002 purports only to operate as a repeal of existing laws found to be in conflict with the new legislation. It may be doubted whether such repealing section adds materially to the general rule that in case of irreconcilable conflict between two statutes the later one controls. See 59 C. J. 902, section 507; 50 Am. Jur. 527 et seq., section 520; State ex rel. Gammons v. Sorlie, 56 N. D. 650, 219 N. W. 105, 108.

While both chapter 94 and chapter 93.1 are found in Title VI, relating to "Alcoholic Beverages," their modes of approach to the common problem are different. Chapter 94 bears the heading "General Prohibitions" and its provisions are correctly described by that heading. Chapter 93.1 is the act that creates a state liquor commission and makes possible the setting up of state liquor stores and the selection of special distributors by the State. It necessarily repeals some of the prohibitions in chapter 94, but where not in conflict the prohibitions remain.

Section 1945.1 does not conflict with any provisions of the

later act. Section 1921.026 of the latter permits certain transportation by certain persons for certain purposes but it does not repeal section 1945.1 which prohibits transportation of intoxicating liquor into the state.

In view of our holding in this division we need not pass on the contention of the State that by not demurring defendant waived the right to object to the sufficiency of the information because based on a repealed statute.

III. Various errors are claimed on account of the instructions given by the trial court. It is urged that, while defendant was informed against under Code section 1945.1 in chapter 94, the jury was instructed as if he were charged with violation of the Iowa Liquor Control Act (chapter 93.1). The instruction referred to, No. 3, is not open to such construction. There is in the whole record no suggestion that defendant was being tried for violation of any statute except Code section 1945.1.

■ The last paragraph of the instruction expressly defined the issue to be whether defendant did "transport *in or through* Cerro Gordo County, Iowa, intoxicating liquor *unlawfully brought by him into the State.*" (Italics supplied.) Defendant quarrels with the words "in or through" and quotes Code section 1945.4 which establishes venue in any county "through" which the liquor (referred to in section 1945.1) is transported. He argues that "through" does not mean "in" or "into." The language of the statute, however, is to be construed "so as to prevent evasion." Code section 1922 (chapter 94). "Through" may mean "onward from point to point within." Webster's New International Dictionary. It is frequently and commonly so used and we think should be so construed here. The statute should not be interpreted as fixing venue only in counties into which the liquor had been brought at one side and out of which it had been taken at the opposite or another side. Such strict construction would do violence to common and accepted usage.

■ Defendant further argues that if he was being tried for violation of section 1945.1 he was entitled to an instruction "on the defense of conscientious knowledge [under] sec-

tion 1945.3." The trouble with this argument is that defendant made no claim that he was ignorant of the "character and contents" of his cargo. It was not necessary for the State to negative potential affirmative defenses or for the court to instruct on them when they were not raised. The instruction in State v. Near, 214 Iowa 1083, 1088, 243 N. W. 519, referred to by defendant, was not attacked in that case and, of course, was neither approved nor disapproved.

██ Finally, defendant complains of the instruction on reasonable doubt. It clearly advised the jury:

"A doubt to be reasonable must be one that arises from a candid and impartial consideration of the whole case, including the evidence offered, as well as the lack of evidence."

It conforms closely to what we said in State v. Patrick, 201 Iowa 368, 382, 207 N. W. 393, cited and apparently relied on by defendant.

A careful study of the entire record reveals no reason for reversal. Defendant had a fair trial. The case should be and is affirmed.—Affirmed.

BLISS, C. J., and OLIVER, HALE, MILLER, GARFIELD, MANTZ, and MULRONEY, JJ., concur.

WENNERSTRUM, J., not sitting.