LOUIS ANTHONY, Appellee, v. MATT O'BRIEN, Appellant.

**APPEAL AND ERROR:** Waiver—Failure to Repeat Motion for Directed Verdict. Error in overruling, at the close of plaintiff's evidence, a motion for directed verdict, is waived by not repeating the motion at the close of *all* the evidence.

**TRIAL:** Instructions—General Objections Disregarded. Objections to instructions will be disregarded, unless they specify the part of the instruction objected to and the *grounds* of the objection. (37 G. A., Ch. 24.)

**TRIAL:** Instructions—Waiving Objections. Objections to instructions are waived by failure to submit them to the court and secure ruling thereon. (37 G. A., Ch. 24.)

**TRIAL:** Instructions—Refusal—Assignment of Grounds—Sufficiency. A party may not rely on the mere refusal to give an instruction. He must go further, and *specify the grounds* on which he predicates error in such refusal. (37 G. A., Ch. 24.)

*Appeal from Fremont District Court.—J. B. ROCKAFELLOW, Judge.*

JANUARY 20, 1920.

REHEARING DENIED MARCH 17, 1920.

ACTION on an alleged breach of contract in the sale of corn resulted in a verdict for plaintiff and judgment thereon. The defendant appeals.—*Affirmed.*

*Tinley, Mitchell, Pryor & Ross,* for appellant.

*Ferguson, Barnes & Ferguson,* for appellee.

LADD, J.—I. Plaintiff and defendant entered into an agreement, December 29, 1916, in words following:

"I have this day sold to Lewis Anthony 8,000 to 10,000 bushels of good sound dry, No. 4 or better corn, white, at the price of 83c per bushel, f. o. b. Payne Jct., to be delivered at elevator at Payne Jct., as soon as cars are furnished.

"(Grain that is not up to the grade purchased, to be accepted at market difference).

"I hereby acknowledge receipt of $.... to apply in payment of above contract, and certify that the grain thus sold is now in my possession and is free and clear of all incumbrances and liens.

"[Signed] Matt O'Brien, Seller.

"Lewis Anthony, Buyer."

Plaintiff alleged that cars were furnished at Payne Junction for the receipt of said grain at several times, and that defendant was notified thereof, but at all times refused to deliver the corn, and has, in every respect, breached the contract; and prayed for damages in the difference between the contract price and the market price at the time of such refusal. The defendant interposed a general denial. At the close of the evidence, the defendant moved that a verdict be directed for the defendant. This motion was overruled, and the defendant proceeded to introduce evidence in his own behalf, and thereafter, witnesses were called in rebuttal by plaintiff.

1. APPEAL AND ERROR: waiver: failure to repeat motion for directed verdict.

The error first assigned is that "the court erred in not sustaining the defendant's motion for a directed verdict in his behalf at the close of the plaintiff's evidence," citing the page and line where it might be found. This was repeated at the beginning of the argument, and, though not mentioned, the brief point was broad enough to include the same. It will be noted that the sufficiency of the evidence in its entirety later was not challenged in this motion; nor is any error in ruling thereon assigned. It is well established in this state that a defendant, by introducing evidence after such a ruling, waives the error, if any, in denying the motion. *Stoner-McCray System v. Manhattan Oil Co.,* 176 Iowa 630. The error, if any, having been waived, may not be reviewed.

II. The fourth error assigned is to the giving of Instruction No. 7, and the fifth, "in submitting to the jury matters about which there was no dispute." The written objections to the instructions were general,

**2. TRIAL: instructions: general objections disregarded.**

and did not refer specifically to any particular instruction or portion thereof. The motion for new trial was equally general; neither the motion nor the exceptions complied with the requirements of Section 1 of Chapter 24, Acts of the Thirty-seventh General Assembly, providing that:

"Either party may take and file exceptions to the instructions of the court or any part of the instructions given or to the refusal to give any instruction as requested within five days after the verdict in the cause is filed or within such further time as the court may allow and may include the same or any part thereof in a motion for a new trial, but all such exceptions shall specify the part of the instructions as excepted to, or of the instructions asked and refused and objected to, and the grounds of such objections."

In not directing attention to the portion of the instruction claimed to have been erroneous, the exceptions were insufficient. Even though the objections had been sufficient, however, they were never submitted to and

**3. TRIAL: instructions: waiving objections.**

passed on by the court, and for this reason may not be reviewed. *Gibson v. Adams Express Co.*, 187 Iowa 1259.

III. The second assignment of error was the refusal to give the first instruction requested, and the third error assigned was as to the refusal to give the second instruction requested. Neither in the objections or. exceptions, nor in the motion for new trial,

**4. TRIAL: instructions: refusal: assignment of grounds: sufficiency.**

ceptions, nor in the motion for new trial, are the above refused instructions referred to, nor objections to the refusal to give them mentioned in connection with such instruc-

tions or such refusal. The defendant contents himself with pointing out generally what the court should have instructed, instead of what it did instruct. It will be observed, from the latter portion of the statute above quoted, that the objections or exceptions are not to instructions refused, but "to the refusal to give any instructions as requested." The exceptions must specify the part "of the instructions asked and refused and objected to and the grounds of such objections."

The latter portion of the statute is awkwardly worded; but the very evident purpose thereof, when considered in connection with the context, is that a party may not rely on a mere refusal to give an instruction, but must specify the grounds on which he predicates error in such refusal. There is quite as much reason for requiring this as in exacting specific objection to the instructions, and both are calculated to facilitate corrections of errors in the *nisi prius* court, and thereby avoid the expense and delay of appellate reviews, as far as possible. Whether an instruction requested, or some feature of it, should be submitted to the jury, often involves a careful comparison between the instructions requested and those given. Moreover, many instructions are requested so near the time of submission to the jury as to render unlikely a careful examination and critical comparison of those given and those requested, and it is only fair that the trial court have an opportunity to have all the alleged defects in instructions given and in the refusal to give, submitted and passed upon, as a condition precedent to review in this court. Such was the view expressed in *Gibson v. Adams Express Co.,* supra. Because of not specifying the grounds of excepting to the refusal to give the instructions mentioned, and the fact that the court did not pass thereon, we may not review the rulings refusing to give the instructions mentioned.—*Affirmed.*

WEAVER, C. J., GAYNOR and STEVENS, JJ., concur.