STATE OF IOWA, Appellee, v. R. H. CONKLIN, Appellant.

CRIMINAL LAW: Instructions—Unnecessary Venue. An allegation of
1   the driving of an automobile "upon a public highway" while the
driver was intoxicated is properly submitted to the jury by instruc-
tions which set forth the indictment and direct the jury to acquit
unless, *inter alia*, the jury finds that the accused operated the auto-
mobile "at the *place* alleged."

CRIMINAL LAW: Instructions—Credibility of Accused. Instructions
2   are proper which direct the jurors as to their right to consider the
interest of the accused when they pass upon the credibility of his
testimony, especially when the same rule is elsewhere applied to
all the witnesses. (See Book of Anno., Vol. I, Sec. 13890, Anno.
17 *et seq.*)

Headnote 1:  42 C. J. p. 1337.  Headnote 2:  16 C. J. p. 1020.

Headnote 2:  19 L. R. A. (N. S.) 803; 14 R. C. L. 735.

*Appeal from Humboldt District Court.*—F. C. DAVIDSON, Judge.

DECEMBER 13, 1927.

Prosecution under an indictment which charged the defend-
ant with driving an automobile on the public highway of Hum-
boldt County while he was in a state of intoxication. Upon a
plea of not guilty, a trial was had, and a verdict rendered find-
ing the defendant guilty. Judgment was entered thereon, and
the defendant appeals.—*Affirmed.*

*Lovrien & Lovrien,* for appellant.

*John Fletcher,* Attorney-general, *Earl F. Wisdom,* Assistant
Attorney-general, and *John Cunningham,* for appellee.

EVANS, C. J.—I. Defendant assigns two errors only. These
are predicated upon Instructions Nos. 5 and 8, respectively. No
error is predicated upon the evidence, nor upon rulings admit-
ting or rejecting testimony; none of the evidence being incor-
porated in the record here. Instruction No. 5 was as follows:

"The material facts which the State must prove beyond a
reasonable doubt are the following, to wit: (1) That the de-

fendant was driving an automobile at the time and place alleged.

1. CRIMINAL LAW: instructions: unnecessary venue.

(2) That, while driving the said automobile at the said time and place, he was intoxicated.

(3) That the said place was in Humboldt County, Iowa. If the State has proven each and every one of the said facts beyond a reasonable doubt, you will find the defendant guilty. But if the State has failed to prove each and every one of said facts beyond a reasonable doubt, you should find the defendant not guilty.''

The complaint against this instruction is that it omitted a certain specification contained in the indictment. The indictment charged that the defendant ''did while intoxicated operate an automobile *upon a public highway* in Humboldt County.'' Instruction No. 5 omitted reference to a ''public highway.'' This omission furnishes the ground of complaint. The argument is that, if the indictment be unnecessarily specific, yet its specifications must, nevertheless, be proved.

Without debate as to the legal proposition thus put forward, it is sufficient to say that the instruction did require the State to prove that the defendant was driving an automobile ''at the time and place alleged.'' The ''place alleged'' was defined in the indictment as ''a public highway in Humboldt County, Iowa.'' It was further defined by Instruction No. 1 by incorporating therein that part of the indictment. It was further defined in Instruction No. 4 as follows:

''It is the contention of the State that, on the evening of February 19, 1926, the defendant was driving an automobile on a public highway about a mile west of Livermore, in Humboldt County, Iowa.''

It was not, therefore, necessary that the specification be repeated in Instruction No. 5. Such specification was in no manner contradicted by Instruction No. 5, but was wholly consistent therewith.

II. The defendant became a witness in his own behalf. In Instruction No. 8½ complained of, the court instructed the jury that, in weighing the evidence of the defendant, they had a

2. CRIMINAL LAW: instructions: credibility of accused.

right to consider ''his interest in the result of the case, as affecting his credibility.'' The abstract proposition thus stated is not challenged by appellant. His complaint is that he was ''singled out'' from

all the other witnesses. Sufficient here to say that Instruction 11 applied to all the witnesses the same rule that had been applied to the defendant in Instruction No. 8½. The defendant was "singled out" only in the sense that he was the only defendant under prosecution, and as such, was interested in the result of the case in a sense that could apply to no other witness. The point complained of is fully ruled against the appellant in our recent case of *State v. Weber*, 204 Iowa 137. Neither assignment of error can be sustained.

The judgment below is, accordingly,—*Affirmed.*

STEVENS, FAVILLE, KINDIG, and WAGNER, JJ., concur.