STATE OF IOWA, Appellee, v. GEORGE WAREHAM, Appellant.

MARCH 6, 1928.

*Lundy & Bateson,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *James L. Cameron,* County Attorney, for appellee.

STEVENS, C. J.—I. The defendant was tried and convicted upon two counts of an indictment, one charging the gift of intoxicating liquors to a person in the habit of becoming intoxi-cated, and the other with the unlawful possession thereof. The principal grounds relied upon for reversal of the conviction and judgment, on the first count, are the insufficiency of the evidence to sustain the verdict, and error in the admission of evidence and in one paragraph of the instructions. The evidence introduced by the State to prove the alleged prohibited gift of intoxicating liquor was brief, and so closely connected with the evidence as a whole that a brief recital of the facts may be made.

The chief of police of Iowa Falls, the night marshal thereof, and the sheriff of Hardin County went to the residence of the defendant on the evening of May 3, 1926, with a search warrant, and made a search of his premises, with the result that a pint bottle, half full of liquor, was found in the possession of Bert Hiserodt in the kitchen, and a quart bottle of alcohol concealed behind the furnace in the basement. Upon arrival, the officers stationed themselves near the house, and, while observing the premises, saw the defendant and Hiserodt come out of the house with a searchlight, apparently looking for something,

and after a brief time, heard one of them say to the other, "There it is, under your hand," and saw him pick up something from the ground and return to the house, where they were followed by the officers.

Hiserodt was a witness for the State, and testified that he had the bottle in his hand when the sheriff entered the house; that he had removed it from a cupboard in the kitchen; that he drank some of the contents; that, earlier in the evening, he started to take the bottle with him in the defendant's car up town, but was directed by the latter not to do so; that he put the bottle in the garden, where it was later found by the aid of a searchlight, as stated. This witness testified that he took the bottle from the cupboard in the kitchen, and that it was not given to him by the defendant. He also testified that he saw the defendant purchase the liquor from a man by the name of Kruse, who resided at Rochester, Minnesota. The sheriff testified that, when he entered the defendant's residence, he saw Hiserodt go out of the kitchen door into a bedroom with a pint bottle, half full of liquor; that, in a conversation with the defendant, the latter stated that he brought Hiserodt out to his place to give him a drink.

The jury was fully warranted in finding from this evidence that Hiserodt went to the premises of the defendant for the purpose of drinking intoxicating liquors in the possession of the defendant, and that he did so upon the invitation of the defendant.

The actual physical delivery of the vessel containing intoxicating liquor is not essential to constitute a gift thereof. It is sufficient if delivery of the contents is accomplished in any manner intended by the donor to commit the prohibited act. If this were not the law, the statute would amount to little. The very purpose of Hiserodt in coming to defendant's premises, according to the latter's own statement, was to drink some of the liquor purchased of the vendor from Rochester, Minnesota. The evidence, in our opinion, was sufficient on this point to require the submission of Count 1 to the jury.

To make out the offense charged in this count of the indictment, the burden was upon the State to also prove beyond a reasonable doubt that Hiserodt was a person in the habit of becoming intoxicated. Many objections to the State's testimony

on this point were urged by the defendant upon the trial, and the rulings of the court thereon are assigned as error on this appeal. Numerous witnesses testified to having seen Hiserodt intoxicated once a month, occasionally, and as much as twenty times during the year preceding May 3, 1926, the date on which the offense charged in the indictment was committed. This was obviously sufficient to prove that he was in the habit of becoming intoxicated.

Some of the objections urged by defendant to the questions propounded to the witnesses might properly have been sustained, on the ground that the question called for the conclusions, rather than facts; but, without exception, each witness testified that he had seen Hiserodt intoxicated on one or more occasions. The affirmative answer of one witness to the question as to whether he was in the habit of becoming intoxicated, even if erroneous, would not justify a reversal. The exceptions to the rulings of the court on the admission of evidence of which the defendant complains are technical, and do not merit consideration in detail.

II. The first count of the indictment is based upon Section 1927 of the Code of 1924, which makes it an offense to procure for, to sell, or to give intoxicating liquor to any person in the habit of becoming intoxicated.

The court, in Paragraph 8 of the instruction, correctly stated the law applicable thereto. Defendant complains because the instruction did not limit the offense strictly to the subject of gift, but included a reference to other forms of violation; but the exception is too clearly without merit to require discussion. No prejudice could, in any event, have resulted.

III. The court, in another paragraph of its charge, instructed the jury that, if the liquor in question was purchased by the defendant at his premises, then the jury would be warranted in finding that the sale was not in conformity with the statute, and would be illegal. This instruction was followed by another, in which the court told the jury that it is a complete defense to the charge of being in the unlawful possession of intoxicating liquor that it was obtained in a lawful manner, and that the same may be sold in this state at retail only by a duly licensed pharmacist, holding a permit for that purpose, and then only

upon a physician's prescription. Abstractly, the instructions complained of were correct, and if elements were included therein that were not strictly applicable to the facts of this case, no possible prejudice could have resulted therefrom. The defendant timidly argues that the mere possession of intoxicating liquor is not made an offense by Section 1924 of the Code, but this question was passed on recently by this court, and the statute otherwise construed. *State v. Boever*, 203 Iowa 86.

We find no reversible error in the record, and the judgment upon each count of the indictment is affirmed.—*Affirmed.*

EVANS, FAVILLE, KINDIG, and WAGNER, JJ., concur.