STATE OF IOWA, Appellee, v. A. C. BAMSEY, Appellant.

No. 39541.

MARCH 5, 1929.

REHEARING DENIED JUNE 24, 1929.

*Frank Wisdom* and *F. D. Wisdom,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

KINDIG, J.—On August 27, 1927, the grand jury indicted the defendant-appellant, A. C. Bamsey, for the offense of illegally possessing intoxicating liquor. The State claims the transgression was committed on June 23d of that year. Under this charge, appellant was tried and convicted on or about April 3, 1928. Whereupon the district court imposed upon him a fine and a jail sentence. In amount, the fine was $1,000 and costs, and the imprisonment was for a period of six months.

Many reasons are argued by appellant as to why the judgment of the district court should be reversed. These complaints will now be considered in the order made.

I. At the outset, appellant contends that the evidence presented was not sufficient to convict him of the charge made in the indictment. After carefully reading the record, however, we are

convinced that there was sufficient testimony to present a jury question. It appears that the defendant, together with his wife and mother-in-law, lived at Creston, in the Straus Flats. Two officers knocked at the door June 23d, and found Mrs. Bamsey and her mother there. Appellant was away for a few hours. A search was made by the officers, and they discovered three half-pint bottles of intoxicating liquor, together with a carton of ten empty bottles. Both the filled and the empty bottles were in the cupboard. An analysis revealed that the liquor was intoxicating. No dispute arises on the question whether the dwelling place was that of appellant. Also, it is admitted that he was in possession thereof. His defense seems to be that he obtained one pint of liquor through a doctor's prescription, and that there was none other on the premises. However, the two officers testified that they found the three half-pint containers filled with the intoxicating liquor, in addition to the carton of empties. Consequently, a jury question was presented, and that body apparently did not believe the appellant. Hence we cannot interfere with the result.

II. Suggestion is made by appellant that the indictment does not charge an unlawful act. Manifestly, there is no merit in the complaint, because the facts sustained the indictment aforesaid, and therefore came within the definition of a punishable misdemeanor, under Section 1924 of the 1927 Code. That statute makes the possession of intoxicating liquor an offense. Possession, in and of itself, constitutes an unlawful act. *State v. Wareham*, 205 Iowa 604; *State v. Boever*, 203 Iowa 86. This court said, in the *Wareham* case, supra:

"The defendant timidly argues that the mere possession of intoxicating liquor is not made an offense by Section 1924 of the Code, but this question was passed on recently by this court and the statute otherwise construed."

III. Nevertheless, appellant insists that there must be removed from the evidence above discussed all testimony given by the two officers, for the reason that they entered the apartment

 without a search warrant. Continuing his theory at this juncture, appellant complains that such actions on the part of those officers amounted to, and were, an infringement of his constitutional rights. More particularly, it is his claim that the trial court's reception of the evidence thus obtained violates the Fourth and Fourteenth Amendments to the United States Constitution and Sections 8 and 9, Article I, of the Iowa Constitution. Further, appellant urges that the Federal prohibitory law does not permit the use of evidence obtained by a search and seizure without a valid search warrant, and cites *Peru v. United States*, 4 Fed. (2d Ser.) 881.

But the indictment in the case at bar is not based upon the laws of the United States. Said instrument was founded upon the state laws against trafficking in intoxicating liquors. So the state rule, as distinguished from the Federal doctrine, must govern. Previously, this court was required, at different times, to pass upon the question relating to the admissibility of evidence obtained in the manner and way here employed. Upon those occasions, it was held that such evidence could properly be received. *State v. Lambertti*, 204 Iowa 670; *State v. Gorman*, 196 Iowa 237; *Joyner v. Utterback*, 196 Iowa 1040; *State v. Rowley*, 197 Iowa 977; *Lucia v. Utterback*, 197 Iowa 1181; *State v. Parenti*, 200 Iowa 333; *State v. Wenks*, 200 Iowa 669. Apt language in the *Lambertti* case is:

"Prior to the time of the trial, the defendant filed a motion to suppress all of the evidence obtained by the search of the defendant's premises under the search warrant, on the ground that said search warrant was illegally issued, in that the same was in violation of Section 8, Article I, of the Constitution of the state of Iowa, * * * and in violation of the Fourth Amendment to the Constitution of the United States, and in violation of the Fifth Amendment to the Constitution of the United States. This motion was by the court overruled. Objections were made to all of the foregoing evidence at the time of the trial, for the reasons urged in the 'motion to suppress,' and the objections were by the court overruled. These rulings by the court are assigned as error. In *State v. Tonn*, 195 Iowa 94, we held that evidence which is pertinent and relevant is admissible against the defendant in a

prosecution for crime, even though the same was secured by an unlawful search of defendant's premises, and have universally so held in the subsequent cases.''

Resultantly, there was no error in permitting the introduction of such testimony.

IV. Objection is next made by appellant because the court, in Instruction IX, told the jury to consider only such evidence as was produced, and thereby did not permit them to notice the lack thereof.

As has many times been said, the instructions must be considered as a whole. When this is done, it clearly appears that the district court plainly and continually informed the members  of the fact-finding body that it was necessary for them to take into account not only the evidence offered, but also the absence thereof. They were not, therefore, in any way misled in reference to this subject. Thus the law was complied with in respect to the weight which the jury should give to presence and absence of testimony. *State v. Patrick*, 201 Iowa 368; *State v. McGee*, 207 Iowa 334.

V. Again, appellant attacks the court's charge to the jury, especially Instruction V. Basis for this grievance is that the burden of proof was put upon the appellant to show that he had lawful possession of the liquor. It appears that appellant did not properly raise this issue in the court below. Therefore we are not permitted to pass upon it here. The exception to this instruction was too general, and hence did not comply with the statutory requirements. Section 13876 of the 1927 Code provides:

''The rules relating to the instruction of juries in civil cases shall be applicable to the trial of criminal prosecutions.''

By referring to the law relating to civil trials, it is found that Section 11495 of the 1927 Code contains this language:

''Any party may take and file exceptions to the instructions of the court, or any part of the instructions given, or to the refusal to give any instructions as requested, within five days after the verdict in the cause is filed or within such further time as the court may allow, and may include the same or any part

thereof in a motion for a new trial, but all such exceptions shall specify the part of the instructions as excepted to, or of the instructions requested and refused and the grounds of such exceptions.''

Generalities are not enough. Specific error or irregularity must be called to the attention of the trial court. If this is done, that tribunal has an opportunity to make the correction, and it must be presumed he will do so, if mistake appears. Exceptions cannot be made in this court for the first time. *Anthony v. O'Brien,* 188 Iowa 802; *State v. Burch,* 202 Iowa 348; *State v. Vandewater,* 203 Iowa 94. *State v. Vandewater,* supra, treats the subject in this way:

''At the outset, it is pertinent to inquire into the meaning and sufficiency of these assignments, for the purposes of this appeal. Clearly, they are not specific, but quite general in character * * *. The trial court was not advised of the specific errors claimed, by any thing contained in the motion for new trial * * *. The trial judge should not be foreclosed in this manner. He was not afforded an opportunity to rule or correct the error which is now argued in this court. * * * The defendant in a criminal case waives error on appeal in every instance where a proper exception is not taken below. * * * Counsel in a criminal case is under obligation to make his objections as specific and definite as is required in a civil case, in order to present a question of law for consideration upon appeal.''

Not only did appellant fail to except to the instructions in the district court, but in his original argument here he did not raise the proposition. His present argument relates to questions alleged to be presented by a purported amended and supplemental brief and argument. By that belated method, appellant magnifies the fact that he did not take the proper statutory exception in the trial court.

VI. Following the above and foregoing complaints, appellant then asserts that, in all events, the penalty inflicted is too severe, and accordingly should be reduced.

Parenthetically, it is recalled that, under the judgment of the district court, appellant was fined $1,000, plus the costs, and ordered confined in the county jail for six months. Yet, under

the circumstances, we are constrained to hold that the judgment should not be disturbed on that account. Apparently this case is very similar to that of *State v. Nolta*, 205 Iowa 595, wherein we refused to reduce the sentence. Therein it is said:

"Maximum sentence was imposed upon him [the defendant] of imprisonment in the county jail for the period of 1 year and a fine of $1,000. * * * The punishment inflicted *was* severe, but it was within the provisions of the statute. The statute indicates the clear legislative intent that the crime charged, if proven, shall draw severe penalty. The defendant is the head of a family, and was the renter of a farm, which he had occupied for 16 years. These circumstances were in his favor. It is manifest that the punishment inflicted will operate upon him with great severity. But it is not our function to palliate such a sentence, unless the record shows some substantial reason for our interfering."

Wherefore, the judgment of the district court should be, and hereby is, affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, WAGNER, and GRIMM, JJ., concur.