STATE OF IOWA, Appellee, v. HAROLD PARSONS, Appellant.

No. 39930.

DECEMBER 13, 1929.

*Roy L. Pell*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

MORLING, J.—I. Defendant complains of the admission in evidence of the can containing intoxicating liquors, alleged to have been the subject of the sale in controversy, and also of a bottle found in defendant's car at the time of the sale. The ground of complaint is that identification was not complete. The evidence introduced was sufficient as a foundation for the introduction of the exhibits in evidence.

II. Defendant further complains that the verdict is against the weight of the evidence. The testimony introduced in behalf of the State contains inconsistencies, and is largely contradicted by the testimony of defendant. However, the question of defendant's guilt was clearly one for the jury.

III. The information charged that defendant "did unlawfully and willfully and knowingly, by himself and through his servant or agent, carry around on his person and in a motor vehicle intoxicating liquor, with intent to sell the same, and * * * did sell the same, contrary to law." The defendant contends that, under this information, it was necessary for the State to prove sale, as well as carrying "around with intent to sell," and that the court should have so instructed the jury. Actual sale was not a necessary ingredient of the offense. Code, 1927, Section 1927. The fact that the information charged the commission of acts in excess of those essential to constitute the crime did not impose upon the State the necessity of proving more than the statute requires. The allegation that the defendant did sell is surplusage. *State v. Stafford,* 145 Iowa 285; 31 Corpus Juris 748.

IV. The court told the jury that, under the law of Iowa, all persons concerned or engaged in the commission of a crime, whether directly committing it or aiding and abetting its commission, may be tried and punished as principals. Defendant argues that the court should have charged, as a part of this instruction, that defendant must have knowingly aided and abetted

the commission of the crime. The instruction complained of merely informed the jury, in substance, in the language of the statute, that:

"All persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense or aid and abet its commission, though not present, must hereafter be indicted, tried, and punished as principals." Code, 1927, Section 12895.

See, also, Section 1925.

In this instruction the court did not undertake to define the essentials of the crime charged. That subject was covered by another instruction. The jury were told that the State must establish beyond reasonable doubt that defendant willfully and knowingly carried around on his person or in a motor vehicle intoxicating liquor. Defendant's complaint of this instruction is not well founded.

V. The court told the jury that the defendant was a competent witness, and that his testimony was to be weighed by the same rule as that of any other witness; that the jury should take  into consideration his interest and any other circumstances appearing in the case by which the jury might determine the credit to which such testimony was justly entitled; that the jury were not required to blindly receive as true the testimony given by defendant, but might consider whether it was true, and given in good faith, or false, for purpose of avoiding conviction; but, on the other hand, his testimony was not to be discredited solely because he was deeply concerned in the result. This instruction was excepted to on the ground that the language that the jury were not required to blindly receive as true his testimony tended to reflect unnecessarily upon his credibility, as compared with that of the State's witnesses, who were deeply interested in the result. It does not appear that the State's witnesses were personally interested in the result. The court told the jury that they were the judges of the credibility of the witnesses, and were authorized to take into consideration appearance, demeanor, manner, and matter of testimony, interest, relationship, feeling to-

ward the parties, etc. The exception is not sustained. *State v. Walker*, 133 Iowa 489.—*Affirmed*.

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.