STATE OF IOWA, Appellee, v. ED BOURGEOIS, Appellant.

No. 39620.

1130

FEBRUARY 11, 1930.

REHEARING DENIED SEPTEMBER 26, 1930.

B. F. Jones, B. A. Dolan, and E. C. Weber, for appellant.

John Fletcher, Attorney-general, and Neill Garrett, Assistant Attorney-general, for appellee.

FAVILLE, J.—I.   The appellant challenges the sufficiency of the evidence to sustain a conviction.   The evidence shows that the house occupied by the appellant in Fort Madison, Lee County, Iowa, was searched, and the officer therein seized thirteen barrels of wine, five kegs containing wine, one gallon jug containing wine, and one gallon jug containing "hooch," together with three empty kegs and some empty bottles and jugs.   The appellant testified:

"There was 7 50-gallon barrels, and there was 4 30-gallon barrels, and there was 6 16-gallon kegs, all practically full of wine, that I still had left from the wine that my father gave me."

There was evidence of a witness that he bought a gallon of wine from the appellant at the premises where said liquor was seized, and paid therefor $4.00 or $4.50.   The witness also testified that he did not remember how many times he had bought wine from the appellant before, but that it was more than once, and that he had paid for it.

A chemical analysis of the wine showed that it contained

9.6 per cent of alcohol by weight, and an analysis of the so-called "hooch" showed that it contained 38.5 per cent of alcohol by weight.

We think the evidence was sufficient to carry the case to the jury and to sustain a conviction.

II. The liquor in question was seized under a search warrant. Complaint is made that the search warrant was improperly issued, because, while the information upon which it was based  was sworn to, it was not supported by a sworn oral statement of facts. The evidence of the officer conducting the search and the exhibits obtained by him were admissible. *State v. Rollinger*, 208 Iowa 1155, and cases cited therein.

III. Error is predicated upon alleged misconduct of the court in remarks in the presence of the jury. The following is an excerpt from the record, and occurred during the direct examination of a witness in behalf of the State:

 "Q. Well, you bought, you say, a gallon. About how much of that gallon did you drink? You have drunk wine before you drunk the wine you purchased from him, before? You have bought wine—you have drunk wine other than wine you purchased from the defendant, haven't you?

"Mr. Jones: I object to any evidence of any sale, as there is none pled in the indictment, and there is no statement in the indictment to whom sold, or to parties unknown; and it is a charge of nuisance, and he can't prove a sale under a nuisance unless it is pled in the indictment.

"The Court: Objection overruled. (Defendant excepts.)

"A. Yes.

"Mr. Dolan: Object to that as incompetent, immaterial, calling for the opinion and conclusion of the witness.

"The Court: Well, it is a fact. (Defendant excepts.)

"Q. And you know what wine is?

"Mr. Dolan: Same objection.

"The Court: Well, he can answer whether he knows or not. (Defendant excepts.)

"Mr. Jones: I object to any evidence of any sale, as there is none pled in the indictment, and there is no statement in the

indictment to whom sold, or to parties unknown; and it is a charge of nuisance, and he can't prove a sale under a nuisance unless it is pled in the indictment.

"The Court: Objection overruled. (Defendant excepts.)

"A. Yes, I know what wine is.

"Q. Well, please tell the jury whether or not it was wine you bought from the defendant?

"A. Well, I thought I was buying—

"Mr. Dolan: Objected to as calling for the opinion and conclusion of the witness.

"The Court: He has already testified he bought wine from the defendant. I think that covers the proposition. (Defendant excepts.)"

No claim of misconduct on the part of the court was made at the time, nor was the alleged misconduct made a ground of the motion for new trial. The matter appears in an amendment to appellant's abstract. If it be assumed that the record presents any question for review at this point, there is no error apparent. The statement of the court in ruling upon the objection of appellant's counsel, as follows, "Well, it is a fact," was clearly responsive to the objection interposed, which was that the evidence called for was "incompetent, immaterial, and calling for the opinion and conclusion of the witness." It was not calling for an opinion or conclusion, but for a statement of a fact; and the court held, and properly so, that the question called for a fact, as distinguished from an opinion. There was no error here.

The same is true of the ruling of the court that the witness "has already testified he bought wine from the defendant. I think that covers the proposition." The objection upon which the court was ruling was that the interrogatory "called for the opinion and conclusion of the witness." The ruling was correct, and the remark of the court merely indicated the reason for the ruling, and that the question was not calling for a conclusion or opinion of the witness. There was no error at this point.

IV. Appellant contends that the *corpus delicti* was not proven. This argument is predicated upon the testimony of the witness who purchased liquor of the defendant, as follows:

"Q. Was this wine intoxicating liquor? Did you have any

effects of intoxication besides just sickness? A. No, it didn't on me. Maybe I didn't drink enough of it."

He also testified: "I know what wine is, and I thought I was buying wine."

In view of the evidence of this witness and of the other evidence in the case, the court did not err in overruling the appellant's motion to strike the testimony of said witness or to direct a verdict in behalf of the appellant.

V. Appellant offered a character witness. Objection is now made that the asking of certain questions upon the cross-examination of this witness constituted misconduct. The court  ruled promptly and correctly on all objections that were interposed. There was no objection whatever that the cross-examination was improper in that the asking of the questions was misconduct. Upon this record, there was no error of which the appellant can now complain.

In *State v. Conroy*, 126 Iowa 472, objectionable testimony was introduced. The court said:

"Had there been objections to the testimony * * * there could be no question as to the inadmissibility of such testimony. But a defendant in a criminal case may waive objections to incompetent testimony, and when he does so, by his silence or otherwise, we will not reverse because it has been admitted."

In *State v. National Selright Assn.*, 192 Iowa 629, we considered a situation very similar to the one in the case at bar, and said:

"It .is claimed that there was error at this point, in overruling the objection, if it was an objection. It will be observed that the statement by Mr. Abrahamson was made in the middle of the answer of the witness. There was no motion to exclude the answer, or any specific part of it. The statement is that this testimony was not competent, etc. A part of it was proper, and in response to questions propounded by counsel for defendant. No specific objection or motion was made as to the part of the answer claimed to be improper. *State v. Hasty*, 121 Iowa 507, 517; *Hay v. Hassett*, 174 Iowa 601, 607; *Bank of Bushnell v. Buck*

*Bros.*, 161 Iowa 362, 365. We think there was no error here of which appellants may complain.''

As bearing on this question, and to the same general effect, see, also, *State v. Smith*, 192 Iowa 218; *State v. Lilteich*, 195 Iowa 1353; *State v. Huston*, 187 Iowa 1000; *State v. Williams*, 195 Iowa 785.

VI. Complaint is made of Instruction No. 9. The instruction was favorable to the appellant, and cannot be construed as being in any way prejudicial to him. If there was error in the instruction, it was not error of which the appellant can complain.

VII. Complaint is made of Instruction No. 10. The instruction was also favorable to the appellant, and not prejudicial to him. If there was error in the instruction, it was not error of which the appellant can complain.

VIII. Complaint is made of Instruction No. 11, on circumstantial evidence. No prejudice could result to the appellant from the giving of this instruction. The State relied upon direct evidence and circumstantial evidence, and the giving of the instruction could not have operated to the disadvantage of the appellant.

IX. Complaint is made of Instructions Nos. 14 and 15, on impeachment. There were no exceptions preserved to Instruction No. 14, and hence we cannot consider error predicated thereon. In *State v. Moran*, 7 Iowa 236, we said:

''It is next objected that the court erred in giving certain instructions, and in refusing some, and modifying others, asked by defendant. To the action of the court in this respect, however, there was no exception at the time. We have too frequently held that we will not review instructions given and refused, where no exceptions were taken, to now consider these.''

In *State v. Hussey*, 7 Iowa 409, we said:

''It is further objected that the court erred in giving and refusing certain instructions. No objection was made at the proper time to these instructions, however, and under the repeated rulings of this court, we cannot now consider their correctness.''

In *State v. Reasby*, 100 Iowa 231, at 238, we said:

"It is the general rule, however, when the court does charge the jury in regard to the issues which it is required to determine, that, to enable the defendant to take advantage of an error in the charge, he must object to it."

In *State v. Hathaway*, 100 Iowa 225, at 228, we said:

"It is the general rule, applicable in criminal as well as in civil cases, that the judgment of the trial court will not be reversed for an error in giving, or failing to give, instructions to the jury, where objection to the error is not made and exception taken at the time it is committed."

In *State v. Callahan*, 96 Iowa 304, at 308, we said:

"Complaint is made of a portion of the charge to the jury, but, as no objection to it was offered when it was given, we cannot consider it on its merits."

In many cases we have held that Section 14010, Code, 1927, does not apply to a case where a defendant "waived objections to incompetent and improper testimony by silence or otherwise."

In addition to the foregoing cases, see, also, *State v. Schwab*, 112 Iowa 666; *State v. Finley*, 147 Iowa 563; *State v. Higgins*, 192 Iowa 201; *State v. Gibson*, 189 Iowa 1212; *State v. Ostby*, 203 Iowa 333; *State v. Williams*, 115 Iowa 97.

Instruction No. 15, to which exception was taken, should not have been given, but reversible error cannot be predicated thereon, under this record.

X. Appellant complains of the failure of the court to instruct upon the theory of the case as claimed by the appellant, to the effect that the wine in question had been given him by his  father, and that he kept it for his personal use, as a medicine. No requested instruction on the matter appears in the abstract or amendment thereto. The court appears to have covered the matter in the instructions given, and appellant is in no position to complain thereof.

We find no reversible error in the record, and the judgment is—*Affirmed*.

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.