STATE OF IOWA, Appellee, v. TOM HEALY, Appellant.

No. 42158.

1156

DECEMBER 12, 1933.

REHEARING DENIED MARCH 9, 1934.

G. C. Dalton, for appellant.

Edward L. O'Connor, Attorney-general, and Walter F. Maley, Assistant Attorney-general, for appellee.

CLAUSSEN, J.—The defendant ran a restaurant in the town of Cumberland, Iowa. Peace officers visited his place of business on the night of May 14, 1932, and as a result of such visit he finds himself in his present difficulty. The officers say that upon arrival defendant was asked to surrender a bottle which he had in his pocket, but that, instead of complying with such demand, the defendant pulled the bottle from his pocket and proceeded to dump its contents on the floor. One of the officers grappled with defendant in an effort to prevent the dumping, with the result that the defendant and the officer both found themselves on the floor, and of course, the bottle was likewise thrown upon the floor. The bottle was picked up from the floor following the melée, and the officers say it was practically empty, but that, judging from the smell, its contents was alcohol. Some of the contents of the bottle was spilled on the officers' clothes and on the floor. The officers say that the fluid spilled on such clothes, judged by smell, was alcohol, and that the spots on the floor, where the liquid had been spilled, burned when a match was touched to them. Particular attention is called to the fact that the officers took the bottle, found by them on the floor, and produced it as an exhibit upon the trial of the case. It is described as an ordinary 8-ounce prescription bottle.

The defendant's version of the matter differs in some particu-

lars from that of the officers. He says that a day or so prior to the officers' visit he found a square tin can in the rear of his premises; that such can contained a small amount of liquid; that he told the mayor of the town of his discovery and asked advice concerning the disposition to be made of the can and contents; that the mayor told defendant to bring it to him in order that an analysis might be made of the contents. For some reason, not suggested by the record, the thought did not occur to either the mayor or the defendant that the difficulty could be solved by the simple process of pouring the contents of the can on the ground. But, be that as it may, the defendant concluded to follow the suggestion of the mayor and for that purpose poured the contents of the can into a bottle, not the bottle produced by the officers upon the trial, but into a thinner bottle, which bottle, it is to be noted, defendant produced as an exhibit upon the trial of the case.

On the night of the raid, it appears that a dance was scheduled to be held upstairs in the building in which defendant ran his restaurant. Defendant testified that he was apprehensive of trouble and concluded to get the liquid into the possession of the mayor. A friend of his, who was a witness, declined to do this errand, and the defendant says that he had just taken the bottle in his hand for the purpose of taking it to the mayor, when the officers arrived and his troubles began.

Upon the trial of the case defendant's wife was a witness, and introduced a third bottle into the picture. She testified that shortly before the raid she had purchased witch hazel in a bottle that looked like the one produced by the officers, that she had put the bottle of witch hazel on the ice box in the room where all the trouble occurred, and that she had not been able to find it since.

The situation may best be summarized by calling attention to the fact that the defendant defends the case made against him by the officers' testimony in relation to the 8-ounce prescription bottle and its contents, by bringing into the case another bottle and its contents. That the case of the state and the defense are not based on mistake as to the identity of the bottles is made certain by the fact that the state and the defendant each produced their bottle, and the defendant's witnesses all swore that the bottle into which the contents of the tin can were poured did not resemble the 8-ounce prescription bottle.

I. Appellant complains because the court did not instruct

the jury that the facts disclosed by the evidence in relation to the discovery of the tin can and subsequent transfer of its contents into the bottle produced by the defendant, for delivery to the mayor, would, if found to be true, be a justification of the defendant. The trouble with defendant's contention lies in the fact that the state's case rests upon the 8-ounce prescription bottle and its contents. The state was not prosecuting the defendant because of his possession of the contents of the thinner bottle which the defendant produced upon the trial. It was prosecuting the defendant for the possession of the contents of the 8-ounce prescription bottle which it produced. Justification of possession of the contents of one bottle would not be justification for possession of the contents of the other. Defendant's contention might be tenable if he had not so conclusively proven that the bottle produced by the state did not contain the contents of the tin can.

■ II. Over objection, witnesses for the state were permitted to testify that the contents of the bottle and the liquid spilled on the officers' clothes was alcohol, basing their opinions on the smell of such liquid. The witnesses were properly qualified by their answers, and there was no error in permitting them to express their opinion, based upon smelling the liquid. State v. Ling, 198 Iowa 598, 199 N. W. 285; State v. Eggleston, 201 Iowa 1, 206 N. W. 281; State v. Bourgeois, 210 Iowa 1129, 229 N. W. 231.

■ III. It is provided by Code, section 1924:

"No one, * * * shall * * * have possession of any intoxicating liquor, except as provided in this title."

It is provided by Code, section 1952, that exceptions, which may be proper defense, need not be negatived in the indictment, and by section 1966-a2, that the possessor of liquor may show by way of defense that his possession of liquor is legal.

With this statement of statutory provisions we turn to a consideration of defendant's objections to an instruction in which the court told the jury that possession of intoxicating liquor was unlawful. As an abstract proposition, the instruction is not a complete statement of the law, for there are circumstances under which possession of intoxicating liquor is lawful. But, as applied to the facts disclosed by the record, the statement is a correct statement of the law, for there were no facts or circumstances in evidence which would justify the possession of the contents of the 8-ounce bottle by

the defendant, if such contents were intoxicating liquor. The statute makes the possession of intoxicating liquor an offense. State v. Bamsey, 208 Iowa 796, 223 N. W. 873; State v. Wareham, 205 Iowa 604, 218 N. W. 145; State v. Boever, 203 Iowa 86, 210 N. W. 571.

 IV. The indictment alleged that the liquor was possessed by defendant for the purpose of disposing of the same unlawfully, by gift or otherwise, and for the purpose of bootlegging. The court instructed the jury that such allegations were immaterial and surplusage and were not in issue. Under the statutes alluded to in the preceding paragraph, the defendant's possession of the liquor was unlawful, unless the defendant held it in virtue of exceptions to the general prohibition, and the burden rested upon him to establish its legality. Consequently the allegations of the indictment above referred to were clearly surplusage and not in issue. The state was under no duty to prove such allegations. State v. Parsons, 209 Iowa 540, 228 N. W. 307.

 V. The court gave the usual instruction in relation to proof of the allegation of the indictment as to the time when the offense was committed. The defendant contends that under this instruction and the instruction under consideration in the third division of this opinion the jury were at liberty to convict him if they found that he had had possession of intoxicating liquor at any time or for any purpose within three years immediately preceding the return of the indictment. Instructions are given for the purpose of advising the jury of the law applicable to the facts disclosed by the evidence produced upon the trial. The testimony was confined to facts and circumstances which occurred on the night of the raid. In the instructions the court required the jury to base its verdict upon the evidence admitted upon the trial of the case and permitted the jury to return a verdict of guilty only after every material allegation of the indictment had been established beyond a reasonable doubt by such evidence. In this situation the defendant's objections are hypercritical. The officers testified that the raid was made on the night of May 14, 1932. The indictment charged the unlawful possession as being on or about May 14, 1932. The particular date when the raid was made was immaterial, if in truth and in fact it occurred within the period of limitations. There was no evidence in the record that the defendant possessed intoxicating liquor at any other time except the evidence of a prior conviction of a liquor offense. The

court specifically and strictly limited the jury in the consideration of this testimony to its proper purpose.

■ VI. In an instruction defining reasonable doubt, the court told the jury that, "If the evidence *satisfies you beyond a reasonable doubt* that the defendant is guilty of the offense charged, you should convict him." Appellant complains of the use of the word "satisfies," italicized above, and also complains because under the instruction a verdict of guilty could be returned on less proof than required by law. The objection goes to the choice of words. It seems to be appellant's contention that under the language used by the court a verdict of guilty could be returned by the jury even though the evidence did not establish every material fact beyond a reasonable doubt. The language used is frequently found in instructions upon this subject. It is impossible that a juror should be satisfied beyond a reasonable doubt that the defendant was guilty without first finding that every element of the crime was established beyond a reasonable doubt.

■ VII. The defendant was a witness in his own behalf. The court gave an instruction on this matter. Appellant complains that in so doing the court singled out the testimony of the defendant and called attention to the interest of the defendant in the outcome of the case. The singleness of defendant's position as a witness was due to the fact that he was the defendant and his consequent interest in the outcome of the case. The situation is not the same as where the court singles testimony of a witness having no natural distinction out of a class or group for special consideration. Instructions of this character have been frequently approved by this court. State v. Conklin, 204 Iowa 1131, 216 N. W. 704; State v. Young, 104 Iowa 730, 74 N. W. 693; State v. Steidley, 135 Iowa 512, 113 N. W. 333; State v. Mecum, 95 Iowa 433, 64 N. W. 286.

VIII. Other errors are assigned which are in effect disposed of in foregoing divisions of this opinion. Appellant suggests that the verdict is not sustained by the evidence. The facts which the jury could find from the evidence have been stated. Such facts, aided by the presumptions warranted by Code, section 1966-a3, namely, that the contents of the bottle were intoxicating liquor and intended for unlawful purposes, are sufficient to sustain the verdict.

We find no error in the record, and affirmance of the judgment of the trial court is a natural consequence.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.