STATE OF IOWA, Appellee, v. THEO HOWARD, Appellant.

No. 43905.

JUNE 15, 1937.

Wilson & Wilson, for appellant.

John H. Mitchell, Attorney General, Henry J. Roelofs, Spec. Asst. Attorney General, and Willis A. Glassgow, County Attorney, for appellee.

MITCHELL, J.—The County Attorney of Page County filed an information, charging Theo Howard with the crime of bootlegging. The defendant entered a plea of not guilty. A jury was drawn, evidence was submitted, and the jury returned a verdict of guilty. The defendant being dissatisfied, has appealed to this court.

The error upon which appellant relies for reversal is that the information charged the crime was committed on the night of July 10, 1936, and that the court gave to the jury the following instruction, which is part of instruction No. 5:

"In order for you to convict the defendant of the offense charged in the information, the State must show by the evidence each and all of the following material matters, to wit: * * * Third: That the defendant sold said intoxicating liquor in Page County, Iowa, within three years prior to the 26th day of August, 1936, the day on which the information was filed herein."

and instruction No. 6, which is as follows:

"The exact date when said offense was committed, if you find that the same was committed, is not material, provided it is shown to have been committed at some time within three years just preceding the 26th day of August, 1936, the day on which said information was filed herein."

The only evidence the State introduced was evidence to show that on July 10, 1936, the appellant was guilty of the offense charged. That is the State's case. Appellant, however, introduced evidence to show that he had been guilty of the same offense on July 2, 1936. Appellant therefore cannot complain of the fact that there is evidence in the record of an offense other than that of July 10th, for he is the one that produced that evidence.

The instructions complained of have been before this court on many occasions. In the recent case of State v. Healy, 217 Iowa 1155, at page 1159, 251 N. W. 649, 650, this court, speaking thru Justice Claussen, said:

"The court gave the usual instruction in relation to proof

of the allegation of the indictment as to the time when the offense was committed. The defendant contends that under this instruction and the instruction under consideration in the third division of this opinion the jury were at liberty to convict him if they found that he had had possession of intoxicating liquor at any time or for any purpose within three years immediately preceding the return of the indictment. Instructions are given for the purpose of advising the jury of the law applicable to the facts disclosed by the evidence produced upon the trial. The testimony was confined to facts and circumstances which occurred on the night of the raid. In the instructions the court required the jury to base its verdict upon the evidence admitted upon the trial of the case and permitted the jury to return a verdict of guilty only after every material' allegation of the indictment had been established beyond a reasonable doubt by such evidence. In this situation the defendant's objections are hypercritical. The officers testified that the raid was made on the night of May 14, 1932. The indictment charged the unlawful possession as being on or about May 14, 1932. The particular date when the raid was made was immaterial, if in truth and in fact it occurred within the period of limitations. There was no evidence in the record that defendant possessed intoxicating liquor at any other time except the evidence of a prior conviction of a liquor offense. The court specifically and strictly limited the jury in the consideration of this testimony to its proper purpose.''

The appellant in his brief and argument says:

''This court has referred to this type of instruction as a stock instruction, and we believe that this instruction ordinarily is correct. But, like all rules, there are exceptions to the general rule, and we believe this case comes within the exception.''

There are exceptions to this instruction, as in a case in which the defendant is charged with the crime of rape, adultery, or an alibi is alleged as his defense. However, we are not here confronted with any such case, and the court was perfectly right in giving the instruction.

The appellant in his brief and argument makes an attack upon the prosecuting witness, that he was not a regular employee of the State and that he went about the country, hiring

out to those who wanted a man who would act as a "stool pigeon". The argument might have some force if we were sitting as a jury in the case, but, whether the State's witnesses were to be believed or not was a question for the jury. The jury saw and heard the witnesses, and, according to the verdict rendered, believed them rather than the story of appellant and his witnesses. Courts have no right to interfere with the verdict of a jury if there is sufficient evidence to warrant that verdict. In the case at bar there was sufficient evidence to warrant the verdict.

It therefore follows that the case must be, and it is hereby, affirmed.—Affirmed.

RICHARDS, C. J., and all Justices concur.