**STATE of Iowa, Appellee,**

v.

**Robert Joseph SCHATTERMAN, Appellant.**

**No. 53190.**

Supreme Court of Iowa.

Nov. 12, 1969.

Henry Wormley, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas L. Moser, Larry Seckington, Asst. Attys. Gen., and Ray Fenton, County Atty., for appellee.

SNELL, Justice.

This is an appeal following judgment and sentence for second degree murder.

Defendant was indicted for murder as defined in sections 690.1 and 690.2 (first degree murder) of the 1966 Code of Iowa in that he did with malice aforethought, premeditation, deliberation and intent to kill, murder Beulah L. Schatterman, his wife.

A shot from defendant's gun killed decedent.

The defendant entered a plea of not guilty.

A jury found the defendant guilty of second degree murder as defined in section 690.3 of the Code. After the overruling of defendant's motion for new trial defendant was sentenced to imprisonment.

For the purposes of appeal the State and defendant agree as to the evidence. Most of the following statement is from appellant's brief.

Robert Joseph Schatterman and Beulah Schatterman were husband and wife and operated a tavern at 515 East Sixth Street, Des Moines, Iowa, owned by Beulah Schatterman. About one month after the parties married on October 20, 1967 they moved to one of the apartments located over the tavern. The alleged murder took place on Sunday, January 14, 1968 in the apartment occupied by the defendant and his wife. No one else was present when the shooting occurred and except for the statements of the defendant as to how and when the accident happened, the record is silent. All officers who went to the scene of the alleged crime testified that defendant was cooperative and told them the shooting was an accident. Agents for the State Bureau of Criminal Investigation identified the weapon as a .38 Caliber Rohm revolver and identified some unspent cartridges and the bullet.

A State witness, Darl Flatt, who lived in one of the apartments over the tavern, knew the deceased and her husband. Schattermans lived in the apartment above Mr. Flatt. He claimed Mrs. Schatterman had some bruises on her body and said Scotty did it, but he couldn't remember when it was. (Just who Scotty was does not appear.) On January 14, 1968, the day Mrs. Schatterman was shot, Flatt was in his apartment and heard no noise from either the tavern or his apartment. Flatt testified he didn't like the defendant. He heard no arguments between the deceased and her husband for a week or two weeks before the accident happened and heard none that day.

Defendant told Captain Leaming at the police station that he was sitting on the far end of the davenport and Mrs. Schatterman was on the other end. He said he was right handed and when he was loading the gun it accidentally discharged and Mrs. Schatterman was hit.

The deceased was wounded in the right side of the forehead and there was a defect in the left side of skull in the back. There were no powder burns in the area of the wound.

After the shooting defendant went to the tavern below and called his mother. He then went back upstairs, washed himself and his wife, and then called the police from the tavern below and informed them of the shooting. The police found decedent sitting up on the davenport covered with a yellow and white quilt.

Defendant had a permit to carry a gun and the reason given was to carry money.

Mrs. Schatterman told defendant's witness, Mrs. Henderson, that she was happy and Mr. Schatterman was good to her.

Defendant said he had the shells on the kitchen table and got them to put in the gun. When he got up from the davenport to put the gun in an ashtray to the left of his wife, it went off. He dropped

the gun on the floor. He denied he fired the gun.

The deceased had no property except her furniture and clothes. The tavern was making no money and there were no insurance policies on the wife.

Defendant denied he said he was going to shoot her.

Defendant said that prior to the accident he was on the davenport to the right of the deceased. The television they were watching was cater-corner from the defendant to his right and she would be turned in that direction looking toward the kitchen.

The only evidence in the case relative to the manner in which the accident happened came from the defendant who told all the officers it was an accident. There were no eye-witnesses and the only people who were present at the time of the shooting were the defendant and the deceased. The record contains little evidence other than what defendant testified to and what he told the officers. Several police officers testified as to what they saw and what defendant said. There is no claim of coercion or violation of any of the Miranda rules. In most instances defendant testified that he could not remember making the statements.

There was testimony as to arguments between defendant and his wife; that he bragged about his ability with a gun (denied by defendant); that "she dared me"; that decedent "had threatened or had called a former boyfriend. He had become a little enraged and that he had yanked the phone from the box"; decedent had lived with this boyfriend for two years before her marriage to defendant. Defendant admitted that he shot his wife, but at all times claimed it was an accident.

There was evidence as to what was necessary to discharge the gun.

When defendant was a boy about 35 years ago he was convicted of statutory rape and served a year in the men's reformatory. No objection as to remoteness was made. He had been married six times before marrying decedent. He belonged to A.A., but said he and decedent had done considerable drinking prior to and on the day of the shooting.

Defendant's motions to direct a verdict and withdraw the charges of murder were overruled. The motions were renewed at the close of the case and were overruled.

Objection was made to instruction number fourteen. This presents the most serious problem on appeal.

Defendant filed a motion for new trial and urged that there was insufficient evidence to convict and that instructions were erroneous. Defendant claimed instruction number fourteen on previous conviction violated the constitutional rights of the defendant, was prejudicial and deprived the defendant of a fair trial.

I. Defendant first claims that the court erred in overruling the motions for directed verdict and for new trial in view of the evidence in the record.

We do not agree. We have repeatedly and consistently held that in considering such a claim the evidence is viewed in the light most favorable to the State. State v. Robinson, Iowa, 165 N.W.2d 802, 805; State v. Cornelius, Iowa, 165 N.W.2d 810, 811; State v. Kittelson, Iowa, 164 N.W.2d 157, 161; State v. McClelland, Iowa, 164 N.W.2d 189, 197, and State v. Medina, Iowa, 165 N.W.2d 777, 781.

II. It is the function of the jury, not of the court, to decide disputed fact questions. Its finding is binding on us unless we are satisfied it is without substantial support in the evidence or clearly against the weight thereof. State v. Medina, supra, loc. cit. 781 of 165 N.W.2d, and cases cited therein.

III. Direct evidence of guilt is not required. Circumstantial evidence is

sufficient if it raises a fair inference of guilt and is inconsistent with any rational hypothesis of defendant's innocence. State v. Cornelius, supra, loc. cit. 812 of 165 N.W.2d, and State v. Kittelson, supra, loc. cit. 162 of 164 N.W.2d.

IV. "While malice aforethought is the specific state of mind necessary to convict of murder, it is far different from the specific intent which is a necessary element of murder in the first degree. It may be express or implied from the acts and conduct of defendant." State v. Gramenz, 256 Iowa 134, 142, 126 N.W.2d 285, 290.

In the case before us there was evidence that defendant had quarreled with his wife. He had gone to the tavern for his gun. He had cleaned and loaded it.

"Premeditation and deliberation need not exist for any particular length of time previous to the killing. Use of a deadly weapon with opportunity to deliberate is evidence of malice, deliberation, premeditation and intent to kill." State v. Kelley, 253 Iowa 1314, 1322, 115 N.W.2d 184, 189 and cases cited therein.

We find ample evidence to support the submission to the jury of the charge of murder.

V. Section 690.1, Code of Iowa, defines murder. Section 690.2 defines first degree murder and provides the punishment. Section 690.3 defines second degree murder and provides the punishment.

The trial court submitted murder in the first degree, murder in the second degree, manslaughter and not guilty.

We need not determine whether the evidence was sufficient to support a verdict of murder in the first degree. There was no such verdict. The jury found defendant guilty of murder in the second degree.

"As the court submitted to the jury the question of defendant's guilt of murder in the first degree, and as the verdict found

him guilty of murder in the second degree, defendant stood acquitted of the higher degree of crime charged * * *. [T]he error complained of, if any, is now without prejudice." State v. Davis, 209 Iowa 524, 525, 228 N.W. 37, 38.

VI. Instruction No. 18 as given by the court is a stock instruction on weight of the evidence and credibility of witnesses. It in no way mentions or singles out any witness. It is not vulnerable to attack.

VII. We quote instruction No. 14 as given by the court:

"The law gives the defendant the right to testify in his own behalf, and it is for the jury to determine the weight to be given to his testimony, as in the case of any other witness.

"In considering and weighing his testimony you are not required to receive the testimony of the defendant as true, but to give it full and careful consideration and determine whether it or any part of it is true or false, and whether such testimony is given by the defendant in good faith or for the purpose of avoiding conviction. You may take into consideration his interest in the outcome of this case as a person charged with a crime and you should give his testimony such weight as you deem it entitled to in view of all of the facts and circumstances in evidence before you.

"The law of this state provides that a witness may be interrogated as to his previous conviction of a felony, and evidence of this character is competent as bearing upon the credibility of such witness. The defendant has taken the stand as a witness and it appears without conflict that he has been convicted of a felony. All of the evidence with reference to the previous conviction of a felony should be considered by you only for the purpose of determining the credibility of the witness, and this should be considered by you for no other purpose."

At the close of all the evidence defendant's motion for directed verdict was supplemented by an objection to instruction

No. 14. The pertinent part of the objection was as follows:

"Comes now the defendant and urges objection to Instruction No. 14, especially that part thereof which relates to the previous conviction of a felony, for the reason that it violates the Constitutional rights, Federal and State, of the defendant, and has the effect of forcing the defendant to give evidence against himself * * *."

Defendant's motion for new trial contained the following:

"That the instruction relative to a previous conviction of the defendant is prejudicial and deprives the defendant of the presumption of innocence which exists as a matter of law.

"That the instruction relative to previous conviction in effect requires the defendant to involuntarily give evidence against himself contrary to law.

"That the instruction relative to previous conviction violates both the state and federal constitutional rights of the defendant.

"That the instruction on previous conviction of a felony creates a prejudicial impression in the minds of the jury against the defendant and deprives him of fair and impartial trial as required by law."

■ Nowhere in the motion is there any attack on the part of Instruction No. 14 (the first two paragraphs) relating to defendant's right to testify and the weight to be given his testimony.

Instruction No. 14 is in substance two separate instructions. The two parts deal with different statutes and different rules. Except for identification by the number of the instruction there was no attack on the first two paragraphs.

In State v. Bamsey, 208 Iowa 796, 801, 223 N.W. 873, 875, this appears:

"Generalities are not enough. Specific error or irregularity must be called to the attention of the trial court. If this is done, that tribunal has an opportunity to make the correction, and it must be presumed he will do so, if mistake appears. Exceptions cannot be made in this court for the first time. Anthony v. O'Brien, 188 Iowa 802, 175 N.W. 750; State v. Burch, 202 Iowa 348, 209 N.W. 474; State v. Vandewater, 203 Iowa 94, 212 N.W. 339. * · * * "

In State v. Dunne, 234 Iowa 1185, 1187, 15 N.W.2d 296, 298, we said:

"Section 11495, Code, 1939, provides:

" 'Any party may take and file exceptions to the instructions * * *, but all such exceptions shall specify * * * the grounds of such exceptions.'

"This statute is applicable to criminal as well as civil cases. Code § 13876; State v. Boston, 233 Iowa 1249, 1254, 11 N.W.2d 407, 410, and cases cited. The general exception was not a compliance with section 11495. It is equally plain, under these same authorities, that defendant is not entitled to urge here complaints against instruction 10 not presented below by way of proper exception."

The statutes in the 1939 Code referred to appear in Rule 196, Rules of Civil Procedure, and section 780.35, Code 1966. See also State v. Franklin, quoted infra.

The first two paragraphs of Instruction No. 14 are identical with an instruction condemned in State v. Bester, Iowa, 167 N.W. 2d 705, decided May 6, 1969.

In the case now before us defendant was tried in April 1968, long before the Bester decision.

For many years prior to Bester the instruction withstood attack on constitutional and fair trial grounds.

In the trial below of the case at bar there was no adequate attack on that part of the instruction subsequently held in Bester to be error. The attack was otherwise directed, i. e. at the part of the instruction relating to previous conviction There was nothing

to alert the trial court to any claim of error under the theory later adopted in Bester. At the time the instruction was given it was not error.

In State v. Franklin, Iowa, 163 N.W.2d 437, 441 (decided December 10, 1968), we said:

"Ordinarily matters not raised in the trial court, including constitutional questions, cannot be effectively asserted the first time on appeal. State v. Everett, Iowa, 157 N.W.2d 144, 148. See also State v. LaMar, Iowa, 151 N.W.2d 496, 503–504.

"And objections made as to any instruction must specify the ground of error or irregularity relied upon. Code section 780.-35; rule 196, R.C.P.; and State v. Bamsey, 208 Iowa 796, 800–801, 223 N.W. 873, cert. den. 280 U.S. 595, 50 S.Ct. 40, 74 L.Ed. 642.

"Furthermore, an accused desiring additional or more specific instructions must make timely request therefor. State v. Hardesty, Iowa, 153 N.W.2d 464, 471, and State v. Fiedler, Iowa, 152 N.W.2d 236, 240–241."

■ In a criminal case the objections may be made in a motion for new trial but not for the first time on appeal. State v. Miskell, Iowa, 161 N.W.2d 732, 733.

In State v. Galloway, Iowa, 167 N.W.2d 89, 95, 96, timely exceptions were taken in the trial court to an instruction again challenged on appeal. We quoted from Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601: " * * * a change in law will be given effect while a case is on direct review * * *."

We have no comparable situation here.

In State v. Kramer, 252 Iowa 916, 919, 109 N.W.2d 18, 19–20, we said:

"The trial court, and the state, are entitled to know what the defendant claims, to what he objects; in short, in what respects he contends he is not receiving a fair trial. If, being represented by counsel, he fails to make his position clear, so that the trial court may know his complaints and take care to remedy those which may be well founded, he will ordinarily not be in a strong position to urge error in the appellate court."

See State v. Ford, 259 Iowa 744, 751, 145 N.W.2d 638.

■ VIII. As noted, supra, defendant's trial court objections were directed at the part of Instruction No. 14 dealing with previous conviction of a felony.

Defendant in stating the errors relied on for reversal mentions but does not argue or support this point with citation of authorities. The authorities cited relate to other points.

Section 781.12, Code of Iowa, provides that defendants in criminal cases shall be competent witnesses in their own behalf.

Section 622.17, Code of Iowa, provides "a witness may be interrogated as to his previous convictions for a felony. * * *"

Defendant while testifying on direct examination admitted a previous conviction.

The instruction was carefully limited for the purpose of determining the credibility of the witness.

In State v. Miskell, supra, after quoting the statute, we said:

"This section applies to any witness including the defendant in a criminal case. A previous felony conviction may be shown only to impeach the witness and for no other purpose. State v. Allnutt, supra, Iowa, 156 N.W.2d 266, 273; State v. Hardesty, Iowa, 153 N.W.2d 464, 469; State v. Van Voltenburg, 260 Iowa 200, 147 N.W.2d 869, 874; State v. Frink, 255 Iowa 59, 68, 69, 120 N.W.2d 432, 438. Instruction 12 carefully limits consideration of defendant's felony conviction to the question of his credibility.

"Instructions 11 and 12 are similar to such instructions as approved by us in the cited cases and do not sustain his claim he

did not receive a fair trial." (loc. cit. 734 of 161 N.W.2d)

Defendant's attack on Instruction No. 14 was in substance a general attack on the statute under the constitution.

No question was raised because of remoteness or irrelevancy of the prior conviction or request for amplification. We find nothing improper in the instruction.

IX. Defendant claims that in the light of the evidence and instructions he did not have a fair trial.

Defendant had a full trial before an experienced trial judge and jury. He was represented at all times by an experienced trial attorney. The record shows extensive cross-examination of state's witnesses and the presentation of the defense.

Defendant had a fair trial.

The case is

Affirmed.

GARFIELD, C. J., and LARSON, MOORE and STUART, JJ., concur.

MASON, RAWLINGS, BECKER and LeGRAND, JJ., dissent.